394 P.2d 216

Royden L. LEBRECHT and Natalie H. Lebrecht, husband and wife, Appellants,

v.

William A. O'HAGAN, in his sole and separate right, and if deceased, his unknown heirs, Jennie Stackhouse, Stanley O'Hagan, Earl O'Hagan, Forrest O'Hagan, and his unknown heirs, successors and assigns, Martha Rose Delahanty, in her sole and separate right, and if deceased, her unknown heirs, Genevieve D. Hulshart, Charles Delahanty, William T. Delahanty, Leonard Delahanty, her unknown heirs, successors and assigns, John W. Thompson, in his sole and separate right, and if deceased, his unknown heirs, Marie Lane, John W. Thompson, Jr., and his unknown heirs, successors and assigns, and Daniel E. Beckett and Beatrice Heisley Beckett, his wife, Appellees.

No. 7253.

Supreme Court of Arizona.

In Division.

July 15, 1964.

Silver, Silver & Ettinger, and Lohse, Donahue, Bloom & Elliott, Tucson, for appellants.

Darnell, Holesapple, McFall & Spaid, Tucson, and Associate Counsel John P. Collins, Tucson, and Kramer, Roche, Burch & Streich, Phoenix, for appellees William A. O'Hagan, Jennie Stackhouse, Stanley O'Hagan, Earl O'Hagan, and Forrest O'Hagan.

Cusick, Watkins, Frey & Odgers, Tucson, for appellee Beatrice Heisley Beckett.

STRUCKMEYER, Justice.

Appellants moved to intervene after judgment in a suit to quiet title in Superior

Court of Pima County, Arizona. This appeal was perfected from the order denying the motion to intervene.

The record discloses that Daniel E. Beckett and Beatrice Heisley Beckett, his wife, brought suit against William A. O'Hagan and others to quiet title to certain real property in Pima County, Arizona, being Cause No. 55325 of the records and files of that county. Prior thereto, the Becketts sold the property to Royden L. Lebrecht and Natalie H. Lebrecht, his wife, appellants herein, with the understanding that an action would be filed by the Becketts to establish title. Thereafter, the Becketts entered into a consent judgment the effect of which was to transfer the title to the property to persons other than appellants. After judgment was entered, appellants moved to intervene, moved to vacate and set aside the judgment and petitioned the court below to set aside an order confirming a sale of the property to the third persons. While numerous matters are either directly or inferentially raised in this appeal, the single question which resolves this litigation at this point is whether the trial court erred in denying appellants' motion to intervene.

Appellees contend, and correctly, that appellants failed to comply with the Rules of Civil Procedure, 16 A.R.S., for intervention in that Rule 24(c) requires that a person desiring to intervene shall not only state the grounds therefor but the motion "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Appellants' motion to intervene in the lower court was not accompanied by a pleading setting forth their claim for which intervention was sought.

Rule 24(c) is a rescript of the same rule of Federal Rules of Civil Procedure. It has been construed in numerous cases to the effect that its provisions are mandatory. Miami County Nat. Bank of Paola, Kan. v. Bancroft, 10 Cir., 121 F.2d 921; In re Finger Lakes Land Co., Inc., D.C., 29 F.Supp. 50, 51.

> "The purpose of the rule requiring the motion to state the reasons therefor and accompanying the motion with a pleading setting forth the claim or defense is to enable the court to determine whether the applicant has the right to intervene, and, if not, whether permissive intervention should be granted." Miami County Nat. Bank of Paola, Kan. v. Bancroft, 10 Cir., 121 F.2d 921, 926, supra.

The order of the court below is affirmed.

UDALL, C. J., and LOCKWOOD, V. C. J., concur.