514 P.2d 854

**E. W. RICHINS and Arminta Richins, Plaintiffs-Appellees,**

**v.**

**Bobby M. MAYFIELD and Mary Ann Mayfield, Defendants-Appellees,**

**v.**

**Theodore O. RYAN, Trustee for the Bankrupt Jesse Max Beene and Charlotte J. Beene, Intervenor-Appellant.**

**No. 9653.**

Supreme Court of New Mexico.

Oct. 5, 1973.

Crouch & Parr, Martin, Martin & Lutz, Las Cruces, for intervenor-appellant.

Sherman & Sherman, Deming, for E. W. and Arminta Richins.

T. K. Campbell, Las Cruces, for Bobby and Mary Ann Mayfield.

## OPINION

MARTINEZ, Justice.

Plaintiffs filed suit on April 28, 1971 in the District Court of Hidalgo County, New Mexico alleging that the defendants had failed to make the necessary payments due under the terms of a purchase and sales contract for land in Hidalgo County. Plaintiffs prayed for a judgment of the balance due under the terms of the contract. On June 18, 1971, a default judgment was entered against two of the defendants, J. Max Beene and Charlotte J. Beene, his wife, in the amount of $38,391.84.

The pleadings and record reveal the following facts. On July 8, 1971, the defendant, J. Max Beene, through his partner and co-defendant, Bobby M. Mayfield, consented to an oral agreement with the plaintiffs, which provided for a release of judgment in part against Beene and Mayfield, termination of the contract of sale, and immediate possession of the land by the plaintiffs. The defendant, J. Max Beene, subsequently filed a voluntary petition of bankruptcy in the United States District Court for the District of New Mexico on December 6, 1971. Shortly thereafter, on December 17, 1971, J. Max Beene and Bobby M. Mayfield filed a joint stipulation for release of judgment in the District Court of Hidalgo County.

On May 5, 1972, the trial court, by its judgment, approved the stipulation entered into between the plaintiffs and the Mayfields and, by the terms of which, J. Max Beene and his wife were released from the June 18, 1971 default judgment. The said 1972 judgment, pursuant to the stipulation between the plaintiffs and the Mayfields, provided for judgment against the Mayfields only and, pursuant to the stipulation, granted possession of the lands to the plaintiffs.

In July 1972, the trustee in bankruptcy of the estate of the defendants, J. Max Beene and Charlotte J. Beene, moved to intervene in this action and set aside the May 5, 1972 court action. After a hearing, both motions were denied and trustee in bankruptcy (appellant) appealed.

The appellant has raised two points on appeal. His first point is that the trustee in bankruptcy is a necessary and indispensable party where any interest in real estate of the bankrupt is sought to be terminated.

■ The right to intervene · is embodied in Rule 24(a) Rules of Civil Procedure [§ 21–1–1(24)(a), N.M.S.A.1953 Comp. (Repl.Vol. 4, 1970)], which reads as follows:

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an uncondi-

tional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

State v. Reese, 78 N.M. 241, 430 P.2d 399 (1967) stated that intervention is the proceeding whereby a person is permitted to become a party in an action between other persons after which litigation proceeds with both original and intervening parties. The timeliness of such an application depends upon the circumstances of each case, Tom Fields, Ltd. v. Tigner, 61 N.M. 382, 301 P. 2d 322 (1956), and in the absence of a specific statutory provision fixing the time within which the right to intervene must be exercised, the timeliness is governed by equitable principles. State. v. Chavez, 45 N.M. 161, 113 P.2d 179 (1941). Generally speaking, an intervention must take place while an action is pending, see Hofheimer v. McIntee, 179 F.2d 789 (7th Cir. 1950), and will not be permitted after commencement of trial. Therefore, it is the general rule that intervention will not be allowed after a final judgment or decree has been entered. Encino State Bank v. Tenorio, 28 N.M. 65, 206 P. 698 (1922).

■ In certain instances, however, intervention will be allowed, even after a final judgment where it is necessary to preserve a right which cannot otherwise be protected. Pellegrino v. Nesbit, 203 F.2d 463 (9th Cir. 1953); United States Casualty Co. v. Taylor, 64 F.2d 521 (4th Cir. 1933). That is, the trial judge must find that the right or interest cannot otherwise be protected, except by intervention.

■ Rule 60(b) Rules of Civil Procedure [§ 21–1–1(60)(b) N.M.S.A., 1953 Comp. (Repl.Vol. 4, 1970)] establishes the grounds upon which a trial court may vacate a final judgment and reads as follows:

"On motion and upon such terms as are just, the court may relieve a party or

his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Furthermore, § 21–1–1(60)(b), supra, provides that the motion shall be made within a reasonable time after a judgment is entered by the trial court. This Court, in Conejos County Lbr. Co. v. Citizens Savings & L. Ass'n, 80 N.M. 612, 459 P.2d 138 (1969), has interpreted this provision in relation to a default judgment and has held that the vacating of a default judgment for good cause is a matter within the sound discretion of the trial court. This Court further stated that the trial court's ruling will not be reversed unless an abuse of discretion is present. Discretion, in this sense, is abused only when the judge has acted arbitrarily or unreasonably under the particular circumstances. See Weisberg v. Garcia, 75 N.M. 367, 404 P.2d 565 (1965); Gilmore v. Griffith, 73 N.M. 15, 385 P.2d 70 (1963).

Mindful of this Court's approach toward granting motions to vacate and intervene, it is necessary to examine the facts as presented to the trial court in order to determine whether or not it erred in denying appellant's motions.

The Bankruptcy Act, 11 U.S.C.A. § 110 (1966) provides that the trustee of the bankrupt's estate upon his appointment and qualification shall be vested by operation of law with the title to the bankrupt's property, and such title relates back to the date the bankruptcy petition was filed. Appellant trustee qualified and was appointed on February 1, 1972 as trustee of Beene's estate while Beene filed his petition for bankruptcy on December 6, 1971. This Court in Home Fire & Marine Insurance Company v. Schultz, 80 N.M. 517, 458 P.2d 592 (1969) defined an indispensable party as one whose interests will necessarily be affected by a judgment in a particular case. Therefore, if the party is indispensable and he has not been joined, the failure to join renders the suit defective. Am. Trust & Sav. Bnk. of Alb. v. Scobee, 29 N.M. 436, 224 P. 788 (1929). However, in order for the appellant trustee to be deemed an indispensable party, he must have been vested with the title to the bankrupt's property at the time the judgment was rendered and satisfaction was made.

The oral agreement between the plaintiffs and the Mayfields, hereinbefore mentioned which was later reduced to writing and filed as a stipulation in the cause, was predicated upon Mayfield's authority, as co-partner with Beene, to bind Beene to the agreement. Testimony elicited at the motions hearing is to the following effect. Mayfield and Beene intended to work the land as partners, each contributed capital to purchase the land, the land was owned by the partnership, each partner had management powers, there was equal division of profits and losses, and Beene had granted Mayfield authority to negotiate and execute a settlement of his default judgment with the plaintiffs. It is both Mayfield's and Beene's uncontradicted testimony that Mayfield executed the stipulation with the knowledge and consent of Beene. Almost immediately after the agreement was reached on July 8, 1971, plaintiffs entered and took possession of the land. In contrast, appellant trustee was not qualified and appointed until February 1, 1972.

It is clear to this Court that Mr. Beene's interest in the land subject to the purchase and sales contract was partnership property which was transferred to

Richins in satisfaction of Richins' judgment against the defendants. Therefore, because the appellant had no interest in this property, as of December 6, 1971, the trial court was correct in denying appellant's motions to intervene and vacate judgment.

The appellant's second point on appeal is that the court's action on May 5, 1972 was a judgment different in kind from that prayed for in the demand for judgment and, therefore, is void and should be set aside as a matter of law.

Rule 54(c), Rules of Civil Procedure [§ 21–1–1(54)(c) N.M.S.A.1953 Comp. (Repl. Vol. 4, 1970)] reads as follows:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

Appellant alleges that the trial court's action of May 5, 1972 granted the plaintiffs immediate rights of re-entry of the land and voided the contract, thereby varying in kind the relief prayed for in the plaintiff's demand for money due on the contract.

We disagree.

The parties to the contract, Richins, Mayfield, and Beene took independent action on July 8, 1971 and satisfied the judgment of June 18, 1971. Richins took immediate possession of the land. This transpired subsequent to the default judgment and prior to trial court's action of May 5, 1972. Furthermore, this transaction was complete and independent of any trial court order.

Rule 54(c), supra, is derived from Rule 54(c), Federal Rules of Civil Procedure, and refers to problems of amending pleadings in a default judgment. The statute applies to the situation in which an action is commenced, default occurs, and the plaintiff subsequently amends his pleadings. Under these circumstances, no default judgment can be entered unless the defendant is notified of the amended pleading. See Anno. 84 A.L.R.2d 1077 (1962). The statute's purpose is to allow for free amendment to pleadings at any stage of the proceeding which do not substantially change the plaintiff's pleadings, State v. Fireman's Fund, 67 N.M. 360, 355 P.2d 291 (1960), while protecting the defendant from any amendments subsequent to his default. This modifies the strict rule applied in Campbell v. Hollywood Race Ass'n, 54 N.M. 260, 221 P.2d 558 (1950) where this Court held that testimony supporting a recovery in quantum meruit could not be admitted in an action on express contract. Clearly, Rule 54(c), supra, does not apply to the instant case. The default judgment of June 18, 1971 was not changed in kind or exceeded by the trial court's action of May 5, 1972, nor did the plaintiff attempt to substantially amend his pleadings. The trial court did not grant Richins possession of the partnership land since possession already had occurred, and therefore Rule 54(c), supra, does not apply.

The action of the trial court denying the motions filed by the trustee in bankruptcy is affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.