520 P.2d 552

Mrs. Manuel APODACA et al., Plaintiffs,

and

Juanita Barela Apodaca et al., Plaintiffs-in-Intervention-Appellants,

v.

The TOWN OF TOME LAND GRANT, a corporation, a/k/a Tome Land and Improvement Company, a corporation, Defendants-Appellees.

No. 9824.

Supreme Court of New Mexico.

March 22, 1974.

Ray M. Vargas, Lorenzo E. Tapia, Calvin Hyer, Albuquerque, for appellants.

Ahern & Montgomery, Robert D. Montgomery, Michael L. Danoff, Albuquerque, for appellees.

OPINION

STEPHENSON, Justice.

This appeal is taken from an order denying appellants' motion to intervene.

We affirm.

The common lands of the Tome Land Grant were sold several years ago. The proceeds of sale constitute a substantial fund. The main case here was brought to determine the heirs of the grant. Appellants' claim to share in the fund as heirs of the grant forms the basis for their motion to intervene.

The action was filed on August 8, 1968. Trial began on February 6, 1973. All of the appellants here filed their applications to intervene subsequent to the beginning of trial. Some of the applications were filed more than two months after its commence-

ment. All of appellants' applications to intervene were denied on May 23, 1973.

Appellants assert that their attempted intervention was as a matter of right under Rule of Civil Procedure 24(a)(2) [21-1-24(a)(2), N.M.S.A.1953] rather than permissive under Rule 24(b) [21-1-24(b), N. M.S.A.1953], and that the order denying their motion is appealable. Appellees counter both assertions.

■ There is a line of cases holding that if a claimed right of intervention is merely permissive, an order denying intervention is appealable only if the trial court has clearly abused its discretion. See Sutphen Estates, Inc. v. United States, 342 U. S. 19, 72 S.Ct. 14, 96 L.Ed. 19 (1951); Allen Calculators, Inc. v. National Cash Register Co., 322 U.S. 137, 64 S.Ct. 905, 88 L. Ed. 1188 (1944). The procedure some courts follow in this situation is to reverse the denial of the application if the trial court clearly abused its discretion or to dismiss the appeal if there has been no abuse of discretion. This procedure is impracticable since the appellate court must review the merits of the case to see if there has been an abuse of discretion in order to determine whether an appeal will lie. The trend is to do away with this useless distinction and hold that orders denying applications to intervene, whether permissive or as of right, are final orders and thus appealable. Ionian Shipping Company v. British Law Insurance Co., 426 F.2d 186 (2d Cir. 1970). As Judge Friendly has said:

"Since this [the distinction between intervention of right and permissive intervention] makes appealability turn on the merits, it is not a very effective or useful limitation of appellate jurisdiction; the propriety of the denial by the district judge must be examined before the appellate court knows whether it has jurisdiction, and the only consequence of the restriction on appealability is that on finding the district judge was right it will dismiss the appeal rather than affirm."

Levin v. Ruby Trading Corporation, 333 F.2d 592 (2nd Cir. 1964). We agree.

■ For the remainder of this opinion we will assume, without deciding, that appellants would have had an absolute right to intervene if their application to do so was timely filed. Timeliness is a threshold requirement for intervention under both Rule 24(a) and 24(b), [21-1-24, N.M.S.A. 1953]. The timeliness of an application for intervention depends upon the circumstances of each case. Tom Fields, Ltd. v. Tigner, 61 N.M. 382, 301 P.2d 322 (1956). Richins v. Mayfield, 85 N.M. 578, 514 P.2d 854 (1973); Cooper v. Albuquerque City Commission, 85 N.M. 786, 518 P.2d 275 (1974). The determination of timeliness is a matter peculiarly within the discretion of the trial court. Tom Fields, Ltd. v. Tigner, supra; FMC Corporation v. Keizer Equipment Company, 433 F.2d 654 (6th Cir. 1970). Intervention will not normally be allowed after trial has commenced. Richins v. Mayfield, supra.

■ The courts have recognized, however, that trial courts should be more circumspect in their exercise of discretion when the intervention is of right rather than permissive. The reason is that a denial of intervention of right may be more harmful than a denial of permissive intervention. See McDonald v. E. J. Lavino Company, 430 F.2d 1065 (5th Cir. 1970); Diaz v. Southern Drilling Corp., 427 F.2d 1118 (5th Cir. 1970).

■ Looking at the circumstances surrounding this case, the record reveals that appellants' applications for intervention were not filed until four and one-half years after this litigation started. Indeed they were not filed until after the trial had started. The present litigation is complex, involving numerous parties, much pretrial discovery and a number of motions. Appellees claim they would be prejudiced if appellants were to be allowed to intervene at this stage of the proceedings.

We would be more sympathetic to appellants' position if intervention were the only way in which they could establish their

claims and protect their interests. See Richins v. Mayfield, supra. Other means are available to them to protect and assert their rights.

We are not unmindful that we countenanced an intervention at an even later stage in the proceedings in Cooper v. Albuquerque City Commission, supra. In Cooper the trial court allowed intervention. We sustained the trial court's exercise of discretion there as we do here. Moreover, the particular facts and circumstances present in Cooper which led us to sustain the trial court's ruling, or anything comparable, are lacking here.

The order of the trial court denying intervention is affirmed.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.