780 P.2d 1165

**State of New Mexico, ex rel. Human Services Department, Petitioner–Appellee,**

**In the Matter of the TERMINATION OF PARENTAL RIGHTS OF MELVIN B., SR., With Respect to Melvin B., Jr., Child, Respondent,**

**JoAnne Voelkel, Petitioner–Appellant for Intervention.**

No. 11122.

Court of Appeals of New Mexico.

Sept. 12, 1989.

Jennifer A. Salisbury, Gen. Counsel, Peter Klages, Ass't Gen. Counsel, Children's Court Atty., New Mexico Human Services Dep't, Office of Gen. Counsel, Albuquerque, for petitioner-appellee.

David L. Plotsky, Albuquerque, for petitioner-appellant for intervention.

## OPINION

BIVINS, Chief Judge.

JoAnne Voelkel appeals the denial of her motion to intervene in a matter concerning an adjudicated neglected and abused child. We affirm.

In 1985, petitions alleging neglect and abuse were filed against Karen and Melvin B., Sr., with respect to four children of their marriage. The case before us concerns only the youngest of the children, Melvin B., Jr. At the hearing on the petition, Karen and Melvin Sr. did not contest the allegations of the petition. The children were placed in the legal custody of the Department of Human Services (the Department). The Department placed Melvin Jr. in a foster home. Karen and Melvin Sr. were ordered to follow the treatment plan of the Department. Periodic review of the disposition indicated that they were having difficulties complying with the treatment plan.

In 1987, the Department filed a petition to terminate the parental rights of Karen and Melvin Sr. A default judgment was entered when neither party responded. Melvin Sr. thereafter successfully moved to set aside the default judgment as to him, arguing that he had not received notice. A hearing on the merits of termination was held.

Melvin Sr. relinquished his parental rights to two of the children. After a hearing, the court determined that it would not be in the best interests of the remaining two children to terminate the parental rights of Melvin Sr. Therefore, the court denied the petition to terminate the parental rights and consolidated the matter with the prior abuse and neglect petitions.

During this time, Melvin Sr. had divorced Karen and married Ms. Voelkel. In April 1988, based on the efforts made by Melvin Sr. to comply with the Department's treatment plan, the two children, including Melvin Jr., were placed in the physical custody of Melvin Sr. He and Ms. Voelkel took the children to Ohio, where they then lived. Ms. Voelkel, as a stepparent, assisted in caring for Melvin Jr.

In June 1988, Melvin Sr. disappeared, leaving Melvin Jr. with Ms. Voelkel. Ms. Voelkel initiated divorce proceedings in Ohio; she was awarded temporary custody of Melvin Jr. The Department learned that Melvin Sr. had abandoned Melvin Jr. in Ohio. In August 1988, it removed him from Ms. Voelkel's care and returned him to the foster home in New Mexico where he had lived prior to the court order placing him in the physical custody of Melvin Sr.

A periodic review hearing regarding the disposition of Melvin Jr. was scheduled. Ms. Voelkel moved to intervene. As grounds for the motion, Ms. Voelkel stated that she had developed a strong bond with Melvin Jr. and believed it would be in his best interests to remain in her custody. After a hearing on the motion, the court denied Ms. Voelkel's motion and entered an order whereby the Department would pursue the relinquishment of parental rights with regard to Melvin Jr.

The Children's Court Rules and Forms provide for intervention in neglect and abuse proceedings, SCRA 1986, 10–108(D)(2). Under this rule, the court may permit intervention of a parent, guardian, or custodian who is not alleged to have neglected or abused the child. The commit-

tee commentary on the rule suggests that the motion to intervene in such proceedings would be similar to an application for permissive intervention under SCRA 1986, 1–024. Intervention may be allowed in cases where a statute confers a conditional right to intervene or where an applicant's claim or defense and the main action have a common question of law or fact. The trial court has a good deal of discretion in determining whether to allow intervention. We will not reverse the decision of the trial court absent a showing of abuse of that discretion. *See Apodaca v. Town of Tome Land Grant,* 86 N.M. 132, 520 P.2d 552 (1974).

Ms. Voelkel correctly argues that intervention under Rule 10–108 should be analyzed in terms of the two qualifications set out in Rule 1–024(B). She argues that she should have been permitted to intervene in this case because she met both qualifications. First, she argues that Rule 10–108 gives her a conditional right to intervene, as she was a person in loco parentis to Melvin Jr. The rule, however, speaks in terms of a parent, guardian, or custodian, not a person in loco parentis.

 There is no question that Ms. Voelkel is not the parent of the child. Although she argues that she was the guardian of the child, it is clear that she was not. *See* NMSA 1978, § 32–1–3(G), (H) (Repl.1986) (defining guardianship under the Children's Code). We understand her argument to be that she is a custodian of the child *because* she was a person in loco parentis. A person stands in loco parentis when he puts himself into the situation of a lawful parent by assuming obligations incident to the parental relationship without going through the formalities necessary to a legal adoption. *Fevig v. Fevig,* 90 N.M. 51, 53, 559 P.2d 839, 841 (1977). The person must intend to assume toward the child the status of a parent.

 Even if we were to agree that under the facts of this case Ms. Voelkel was the custodian of Melvin Jr., we cannot say that the trial court abused its discretion in re-fusing to allow her to intervene in this proceeding. The judge does not appear to have acted unreasonably or arbitrarily under these circumstances by denying Ms. Voelkel's motion. *See Richins v. Mayfield,* 85 N.M. 578, 514 P.2d 854 (1973). This was a six-month review of the disposition of a child who had been adjudicated neglected and abused several years earlier. Since that time, he has been in the legal custody of the Department. Except for the short period of time he spent with Melvin Sr. and Ms. Voelkel, Melvin Jr. has been in the physical custody of the same foster parents. Melvin Jr. was in Ms. Voelkel's care for only several months.

Second, Ms. Voelkel argues that she is concerned with the best interests of the child and that she has relevant information regarding those interests. Therefore, she argues, her claim and the main action have common questions of fact and law. She argues that the trial court abused its discretion by denying her motion because it closed the door on relevant and important testimony regarding the best interests of the child. Under the facts of this case, we do not agree. Ms. Voelkel was allowed to testify regarding her interest in the child and her belief that she could best promote the interests of the child. The trial court considered that evidence in determining that it would be in the best interests of the child to remain in the legal and physical custody of the Department. We find no abuse of discretion in this case.

For the reasons stated herein, we affirm the denial of the motion to intervene. Ms. Voelkel shall pay the costs of appeal.

IT IS SO ORDERED.

HARTZ and CHAVEZ, JJ., concur.