785 P.2d 1039

In the Matter of MARCIA L. and
Paul L., Children.

Crenice and Priscilla CORDOVA,
Plaintiffs–Appellants,

v.

STATE of New Mexico, ex rel. HUMAN
SERVICES DEPARTMENT,
Defendant–Appellee.

No. 11,282.

Court of Appeals of New Mexico.

Dec. 21, 1989.

Filbert J. Montes, Chavez and Montes, Albuquerque, for plaintiffs-appellants.

Peter Klages, Acting General Counsel, NM Human Servs. Dept. Albuquerque, for defendant-appellee.

A.J. Ferrara, Albuquerque, guardian ad litem.

## OPINION

DONNELLY, Judge.

Foster parents, Crenice and Priscilla Cordova, appeal from an order of the children's court denying their motion to intervene in an action brought by the Human Services Department (Department) to terminate the parental rights of the natural parents of Marcia L. and Paul L., minor children. Two issues are raised on appeal: (1) whether the court erred in refusing to allow intervention as a matter of right; and alternatively, (2) whether the court abused its discretion in failing to allow permissive intervention. We affirm.

The Department initially obtained custody of the two children in 1985, when they were abandoned by their natural mother. In February 1986, the Department placed the children with foster parents. At that time, Marcia L. was almost three years old, and Paul L. was almost one. In 1987, the parental rights of the natural parents were terminated and the children were then subject to adoption. After ordering termination of parental rights, the children's court continued to conduct periodic reviews at least every six months in accordance with NMSA 1978, Section 40–7–60 (Repl. Pamp.1989). At these reviews the legal custodian is to "demonstrate all reasonable efforts taken to implement the permanent plan established for the child." *Id.*

The children remained with the foster parents until June 1988, at which time the Department received a complaint of neglect

and abuse involving the foster parents. When a subsequent investigation substantiated the charge, the children were placed in All Faiths Receiving Home on June 22, 1988. Thereafter, foster parents filed a petition seeking to adopt the minor children and moved to intervene in the proceeding initiated by the Department to terminate the parental rights of the natural parents of the children. Contemporaneous with the filing of their motion to intervene, foster parents also moved for the issuance of a temporary restraining order to enjoin the Department from placing the minor children with other individuals until there had been a resolution of foster parents' petition for adoption. The children's court denied the petition for intervention.

## I. INTERVENTION AS MATTER OF RIGHT

Foster parents allege that the children's court erred in denying their motion to intervene as a matter of right in the action instituted by the Department to terminate the parental rights of the natural parents of the children.

SCRA 1986, 1–024(A), governs intervention as of right. This rule provides:

A. Intervention of right. Upon timely application anyone shall be permitted to intervene in an action:

(1) when a statute confers an unconditional right to intervene; or

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rule 1–024(A), as adopted by our supreme court, is almost identical to Federal Rule 24(a). As observed in 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 24.07[1], at 24–50 (2d ed. 1987), an application for non-statutory intervention as a matter of right under Rule 24(a) must meet the following requirements:

The application must (1) be timely, (2) show an interest in the subject matter of the action, (3) show that the protection of the interest may be impaired by the disposition of the action, and (4) show that the interest is not adequately represented by an existing party.

Foster parents assert that they have an interest in the action to terminate parental rights of the natural parents. However, in order to establish an interest in the pending action a party seeking to intervene must show that it has an interest that is significant, direct rather than contingent, and based on a right belonging to the proposed intervenor rather than an existing party to the suit. *In re Penn Cent. Commercial Paper Litig.*, 62 F.R.D. 341, 346 (N.Y.1974).

In the instant case, foster parents have failed to establish a basis for intervention as a matter of right. Moreover, the motion to intervene in the proceedings to terminate the rights of the natural parents was filed after entry of orders terminating the rights of the natural parents and granting custody to the Department.

Examination of foster parents' motion to intervene indicates that it was not accompanied by a pleading setting forth the claim or defense for which intervention was sought. Rule 1–024(C) provides that "[t]he motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention in sought." The rule requires that such a pleading accompany the motion so as to enable the court to determine whether the applicant has a right to intervene. *See Lebrecht v. O'Hagan*, 96 Ariz. 288, 394 P.2d 216 (1964); *Duff v. Draper*, 96 Idaho 299, 527 P.2d 1257 (1974); *AMFAC Fin. Corp. v. Pok Sung Shin*, 2 Haw.App. 428, 633 P.2d 1125 (1981). *See also* J. Walden, *Civil Procedure in New Mexico* § 692), at 161–62 (1973). Thus, foster parents have not set forth by an appropriate pleading the claim or defense for which they seek intervention. Although foster parents filed a motion for leave to intervene, the motion did not comply with the requirements of Rule 1–024(C), or adequately apprise the children's court of the claims sought to be raised by intervention. *See Shevlin v. Schewe*, 809 F.2d 447 (7th Cir.1987) (failure

to submit pleading as required by rule was fatal to motion to intervene where pleading was neither filed on a timely basis nor at any time offered in the record).

Foster parents have failed to establish that they were entitled to intervention as a matter of right.

## II. PERMISSIVE INTERVENTION

Alternatively, foster parents contend that even if the children's court properly denied their application to intervene as a matter of right, it was error to deny their application for permissive intervention.

Rule 1–024(B) provides in applicable part:

B. Permissive intervention. Upon timely application anyone may be permitted to intervene in an action:

(1) when a statute confers a conditional right to intervene; or

(2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.

In exercising its discretion pursuant to this paragraph the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The granting or denial of permissive intervention is within the discretion of the court wherein intervention is sought, and the court's ruling thereon will not be set aside on appeal absent a showing of an abuse of discretion. *In re Melvin B., Sr.,* 109 N.M. 18, 780 P.2d 1165 (Ct.App.1989). *See Shump v. Balka,* 574 F.2d 1341 (10th Cir.1978); *Levi v. University of Hawaii,* 67 Haw. 90, 679 P.2d 129 (1984); *see also O'Hare v. Valley Utils., Inc.,* 89 N.M. 105, 547 P.2d 1147 (Ct.App.1976).

Children's Court Rule SCRA 1986, 10–108(D)(2) authorizes permissive intervention in neglect or abuse proceedings, by a parent, guardian or custodian, where the applicant is not alleged to have neglected or abused the child. Although the commentary to Rule 10–108(D)(2) envisions application of this rule in a manner similar to permissive intervention as provided in Rule 1–024, foster parents do not meet the criteria of Rule 10–108(D)(2) since they were neither parents, guardian, nor custodian. *See Christian Placement Serv. v. Gordon,* 102 N.M. 465, 697 P.2d 148 (Ct.App.1985) (grandparent lacks right to intervene in adoption proceedings where motion is based on status of grandparent and not on other grounds); *see generally* Annotation, *Standing of Foster Parent to Seek Termination of Rights of Foster Child's Natural Parents,* 21 A.L.R.4th 535 (1983).

The present action was initiated by the Department in order to terminate the parental rights of the natural parents of the minor children. Foster parents' motion sought to have the two children placed with them for adoption. As discussed under Point I, foster parents' motion to intervene was defective in that it was not accompanied by a pleading setting forth the claim or claims of movants and foster parents failed to properly show an abuse of discretion by the trial court in denying permissive intervention. R. 1–024(A). *See also Campbell v. Edinger,* 607 P.2d 697 (Okla. 1980) (denial of motion to intervene held not to constitute abuse of discretion where motion sought to enlarge scope of proceedings).

## CONCLUSION

Foster parents have failed to establish an abuse of discretion or error on the part of children's court in denying their motion for intervention.

The order denying the motion to intervene is affirmed.

IT IS SO ORDERED.

BIVINS, C.J., and HARTZ, J., concur.