842 P.2d 738

**CHINO MINES COMPANY, a New Mexico General Partnership; Burro Chief Copper Company, a Delaware Corporation; and Phelps Dodge Mining Company, a Division of Phelps Dodge Corporation, a New York Corporation, Plaintiffs–Appellees,**

v.

**George A. DEL CURTO, Director, Property Tax Division, New Mexico Department of Taxation and Revenue, Defendant–Appellee,**

v.

**Deborah A. RIVERA, Grant County Treasurer, Applicant–Appellant.**

Nos. 12283, 12284 and 12293.

Court of Appeals of New Mexico.

Oct. 2, 1992.

Certiorari Denied Nov. 12, 1992.

Kelly P. Albers, Reeves, Chavez, Greenfield, Acosta & Walker, P.A., Las Cruces, for applicant-appellant.

Paul D. Barber, Rosenfelt, Barlow, Barber & Borg, P.A., Albuquerque, for plaintiffs-appellees.

Javier Lopez, and Bruce J. Fort, Sp. Asst. Attys. Gen., New Mexico Dept. of Taxation & Revenue, Santa Fe, for defendant-appellee.

## OPINION

DONNELLY, Judge.

The Grant County Treasurer (Applicant) appeals from orders filed in three separate cases denying her motions to intervene in actions filed by Chino Mines Company, Burro Chief Copper Company, and Phelps Dodge Mining Company (Plaintiffs), against George A. Del Curto, Director of the Property Tax Division of the State Department of Taxation and Revenue (Director). The actions filed by Plaintiffs sought a refund of property taxes levied on their respective mining properties and property utilized in conjunction therewith.

By stipulation of the parties the three appeals have been consolidated. Each appeal involves common appellate issues concerning: (1) whether the court in each case erred in denying Applicant's motions to intervene in the tax refund actions as a matter of right; and (2) whether the court in each case abused its discretion in denying permissive intervention. We affirm the orders denying intervention.

## FACTS

Each Plaintiff filed a separate complaint in the District Court of Santa Fe County against the Director alleging that the valuation of its property by the Property Tax Division (Division) was excessive and erroneous, and each sought a refund of property taxes levied on its mining property and property used in conjunction with such mining property. Prior to the filing of answers, Applicant filed separate motions seeking to intervene in each case. The Director filed answers denying Plaintiffs' allegations that the valuations by the Division were erroneous or excessive and denying that Plaintiffs were entitled to a refund. Before the cases were set for trial, Plaintiffs and the Director reached negotiated settlements in each case. Prior to the submission of orders detailing the terms of the settlements, the district courts denied Applicant's motions to intervene but stayed entry of the final judgment or dismissal of the three actions pending appeal. *See Apodaca v. Town of Tome Land Grant,* 86 N.M. 132, 520 P.2d 552 (1974) (denial of a motion to intervene is an appealable order).

In denying the motion to intervene in the *Chino Mines Company* case, the court found that the Division had a range of interests it was required to protect, that the Division was presumed to follow the law, and that permitting intervention by Applicant would subvert the comprehensive scheme of law which places authority and responsibility in the Division for valuing the property of mining companies. In the

*Burro Chief* and *Phelps Dodge* cases, the courts' rulings did not specify the reasons for denial of the motions to intervene.

## PROPER PARTY

Initially, Applicant's argument focuses on the question of whether she, as Grant County Treasurer, is a proper party to intervene in the pending actions on behalf of Grant County. She notes first that county treasurers are charged by law with collecting money for the county and are required pursuant to NMSA 1978, Section 7–38–41 (Repl.Pamp.1990) to hold tax monies paid under protest in a " 'property tax suspense fund.' " Second, Applicant points to the provisions of NMSA 1978, Section 4–46–1 (Repl.Pamp.1992), which authorizes county treasurers to sue for the benefit of the county. We do not find it necessary to our disposition to determine whether Applicant is the proper party to raise Grant County's interests in these proceedings and assume, without deciding, that Applicant is a proper party.

## INTERVENTION OF RIGHT

Applicant argues on appeal that, as Grant County Treasurer, she is invested by law with authority to intervene in the pending actions as a matter of right. Applicant apparently concedes, however, that no statute expressly grants her an unconditional right to intervene in these actions under SCRA 1986, 1–024(A)(1) (Repl.1992). Instead, in arguing that she is entitled to intervene as a matter of right, she relies solely on SCRA 1986, 1–024(A)(2) (Repl.1992).

■ Under Rule 1–024(A)(2), an applicant seeking to intervene as a matter of right must file a timely application, *see United Airlines, Inc. v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), and satisfy a three-part test showing that (1) the applicant has an interest in the subject matter of the action; (2) protection of the applicant's interest may be impaired or impeded by disposition of the action; and (3) the interest sought to be protected is not adequately represented by existing parties. *See In re Marcia L.,* 109

N.M. 420, 785 P.2d 1039 (Ct.App.1989); *McCormick v. Smith,* 793 P.2d 1042 (Alaska 1990); *see also* 7C Charles A. Wright et al., *Federal Practice and Procedure: Civil 2d* § 1908, at 262 (1986); *see generally* Howard J. Alperin, *Construction of Federal Civil Procedure Rule 24(a)(2), as Amended in 1966, Insofar as Dealing With Prerequisites of Intervention as a Matter of Right,* 5 A.L.R.Fed. 518 (1970).

■ In reviewing an appeal from an order involving denial of intervention as a matter of right under Rule 1–024(A), where the facts underlying the application are not in dispute, we review the propriety of the court's ruling as an issue of law. *See Cook v. Boorstin,* 763 F.2d 1462 (D.C.Cir.1985); *McCormick v. Smith; see also Platte County Sch. Dist. No. 1 v. Basin Elec. Power Coop.,* 638 P.2d 1276 (Wyo.1982).

The parties do not dispute the timeliness of Applicant's application for intervention. However, there are three remaining obstacles Applicant must clear. She is required to demonstrate each of the remaining prerequisites of Rule 1–024(A)(2), namely: (1) interest; (2) impairment of that interest; and (3) inadequacy of representation of that interest. We find it unnecessary to address the issue of whether Applicant has satisfied the first and second factors imposed under the rule, because we find that she has failed to satisfy the third requirement entitling her to intervene as a matter of right.

## ADEQUACY OF REPRESENTATION

■ The issue we address is whether Applicant's interest is adequately represented by the Director and the Division. Although we do not decide this case on the basis of Applicant's having no interest, we note that in the present case, Applicant's motions to intervene alleged only a general interest in the litigation. Applicant did not allege nonfeasance or other improper conduct on the part of the Director or the Division in valuing the property involved herein, nor has Applicant raised any issue concerning nondisbursement or the improper disbursement of funds derived from tax

assessments levied against mining properties or property used in connection therewith. *See Platte County Sch. Dist. No. 1 v. Basin Elec. Power Coop.* (applicant claiming interest in revenues derived from tax assessment held not to have established interest in subject matter where litigation involves dispute over proper assessments and not dispute over nondisbursement or improper disbursement of revenues).

■ Under this posture, Applicant has failed to establish that the interest claimed by her in the present proceedings is inadequately represented by the Director and the Division; that the Director is not adequately protecting the interest asserted by Applicant; or that the Director has failed to properly discharge his duties incident to the subject matter of the action. Where the state, or the federal government, is named as a party to an action and the interest the applicant seeks to protect is represented by a governmental entity, a presumption of adequate representation exists. *See Delaware Valley Citizens' Council for Clean Air v. Pennsylvania,* 674 F.2d 970 (3d Cir.1982); *see also* Wright et al., *supra,* § 1909, at 334–37; *cf. Davis v. Westland Dev. Co.,* 81 N.M. 296, 466 P.2d 862 (1970) (public officials are presumed to have performed their duties). In such cases, the applicant must make a concrete showing of why the representation is inadequate. *DeKalb County v. Post Properties, Inc.,* 245 Ga. 214, 263 S.E.2d 905 (1980).

In the instant case, Applicant has failed to make a showing sufficient to overcome the presumption of adequacy of representation or present facts indicating any impropriety or failure of the Director or the Division to properly value the property in question or to defend the pending actions. *See Bradley v. Milliken,* 828 F.2d 1186 (6th Cir.1987) (applicant seeking to establish inadequate representation must establish collusion between representatives and opposing party, presence of an adverse interest, or failure to fulfill duty); *State v. Weidner,* 684 P.2d 103 (Alaska 1984) (inadequacy may be established by showing of collusion, adversity of interest, nonfeasance, or

incompetence); *see also Martin v. Kalvar Corp.,* 411 F.2d 552 (5th Cir.1969) (applicant must show collusion, that the representative has an interest adverse to applicant, or that representative has failed in the fulfillment of a duty).

To the extent that Applicant relies on authorities stating that her burden to show inadequate representation is "minimal," *see Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972); *National Farm Lines v. Interstate Commerce Comm'n,* 564 F.2d 381 (10th Cir.1977), we do not believe that these authorities are applicable to this case involving a public representative that had no private interests to represent. Moreover, a leading commentator indicates that the statement of the burden as being "minimal" does not apply in cases involving governmental representatives. *Compare* 38 James W. Moore et al., *Moore's Federal Practice* ¶ 24.07[4], at 24–69 to –70 (2d ed. 1992) *with id.* ¶ 24.07[4], at 24–76 to –78. Thus, Applicant had to meet her burden with a sufficient showing.

Applicant contends that she was prevented from making a sufficient showing because she was prevented from adducing evidence of the proposed settlement. We disagree. Applicant did not have to introduce evidence of the settlement to show collusion, adversity of interest, nonfeasance, failure to fulfill a duty, or incompetence. The district courts did not err in denying intervention.

## PERMISSIVE INTERVENTION

Under Rule 1–024(B), the district court may grant an applicant the right to permissively intervene in an action where such application is timely and

(1) when a statute confers a conditional right to intervene; or

(2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, require-

ment or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.

In exercising its discretion pursuant to this paragraph the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

 Applicant argues that even if she is not entitled to intervene in the present actions as a matter of right, nevertheless, the district courts erred in denying her motions to permissively intervene in the actions brought by Plaintiffs. In reviewing an appeal involving a claim that the district court erred in denying an application for permissive intervention, we review such contention to determine if there has been a showing of abuse of discretion. *In re Marcia L.* An "[a]buse of discretion occurs when the trial court's ruling is 'clearly against the logic and effect of the facts and circumstances before the court.'" *Jaramillo v. Fisher Controls Co.,* 102 N.M. 614, 622–23, 698 P.2d 887, 895–96 (Ct.App.1985) (quoting *State v. Lucero,* 98 N.M. 311, 314, 648 P.2d 350, 353 (Ct.App.1982)).

Applicant has not argued that she possesses a conditional right to intervene. Instead, she argues that it was error to deny her applications for permissive intervention because she seeks to raise a defense not asserted by the Director, and that settlement of the cases herein will result in a reduction of tax revenues available to Grant County. The district court is invested with broad discretion in deciding whether Applicant presented sufficient evidence to establish that she has a claim or defense which properly should be adjudicated in the instant cases. *See In re Termination of Parental Rights of Melvin B., Sr.,* 109 N.M. 18, 780 P.2d 1165 (Ct.App. 1989). In view of the statutory role assigned to the Division investing it with the responsibility for valuing mineral property, NMSA 1978, § 7–36–2(C)(2) (Repl. Pamp.1990), and the lack of any showing by Applicant that the Director has failed to properly carry out his duties and responsi-

bilities in connection with the present actions, Applicant has failed to establish that the district courts abused their discretion in denying her alternative claim of entitlement for permissive intervention.

### CONCLUSION

The orders denying Applicant's motions to intervene are affirmed.

IT IS SO ORDERED.

APODACA and PICKARD, JJ., concur.