This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41269

**ANGELA MARTINEZ and MANUEL MONTOYA,**

Petitioners-Appellees,

v.

**OLIVIA MONTOYA,**

Proposed Intervenor-Appellant,

**IN THE MATTER OF ZYANNA MONTOYA,**

Deceased.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**R. David Pederson, District Court Judge**

Arlon L. Stoker
Farmington, NM

Law Office of Mark A. Curnutt, LLC
Mark A. Curnutt
Farmington, NM

for Appellees

Burns Law Group, P.C.
Kyle M. Finch
Farmington, NM

for Appellant

### MEMORANDUM OPINION

**BLACK, Judge Pro Tem.**

**{1}**     Appellees Angela Martinez and Manuel Montoya brought a wrongful death claim for the death of their daughter, Zyanna Montoya (Decedent). Appellant Olivia Montoya, Decedent's grandmother, moved to intervene under Rule 1-024(A) NMRA, arguing that as a matter of right she was entitled to be a party because, at the time, she was the legal guardian of E.M.,[1] Decedent's younger sibling, who may be eligible to receive proceeds from a judgment on the claim. The district court denied Appellant's motion, reasoning that Rule 1-024(B) controlled and that allowing intervention at this point "would be confusing and cumbersome for any third party to deal with competing claims of representation." Before us, Appellant argues that (1) she has a clear interest in the wrongful death litigation; and (2) the district court erred in not allowing Appellant to intervene to present evidence concerning whether Appellees should be equitably estopped from recovering wrongful death benefits and from seeking court assistance to recover such benefits. Unpersuaded, we affirm.

## BACKGROUND

### I.     Undisputed Facts

**{2}**     Underlying this case are two separate proceedings: a wrongful death case, which is the subject of this appeal, and a separate probate proceeding. On January 3, 2023, Appellees, as the natural parents of Decedent, filed a petition in district court to be appointed as the personal representatives for purposes of pursuing a wrongful death action. An order appointing Appellees as personal representatives was entered on January 4, 2023. Unaware of the wrongful death proceeding, Appellant, Decedent's grandmother and former kinship guardian, applied for and was appointed as the personal representative of Decedent's estate in a separate probate proceeding.

**{3}**     Upon learning of the wrongful death proceeding, Appellant filed a motion to intervene. Although the initial motion was somewhat unclear, in her reply, Appellant argued that she had a right to intervene under Rule 1-024(A)(2). Following a hearing, the district court determined that the motion should be considered one for "permissive intervention," that Appellees as Decedent's natural parents have priority of appointment under New Mexico's Wrongful Death Act or the Probate Code, and that Appellant's interests were adequately protected by the fiduciary duties imposed on Appellees. The district court thus concluded, "There is no evidence before the [c]ourt at this time justifying [i]ntervention by [Appellant] or replacement of the current [p]ersonal [r]epresentatives of Decedent's [e]state under either equitable or legal grounds."

### II.     Summary of Argument

**{4}**     Appellant argues that the district court's conclusion that Rule 1-024(B) controls is erroneous because she has a right that will be impaired if intervention is denied. Appellant's argument is further premised on her position that Appellees should be

---

[1]E.M. is now eighteen, and thus one of the bases supporting Appellant's motion to intervene—her status as E.M.'s kinship guardian—appears no longer to exist. Neither party, however, gives this matter any consideration in their briefing.

equitably estopped from asserting their status as natural parents for purposes of recovering wrongful death benefits and from seeking court assistance to recover such benefits. Appellant advised the district court that there would be substantial evidence regarding Appellees' abandonment and nonsupport of Decedent.

## STANDARD OF REVIEW

**{5}** "Absent a clear abuse of discretion, we will uphold the district court's denial of the motion to intervene." *Wilson v. Mass. Mut. Life Ins. Co.*, 2004-NMCA-051, ¶ 21, 135 N.M. 506, 90 P.3d 525, *overruled on other grounds by Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 23, 148 N.M. 692, 242 P.3d 259. A court abuses its discretion when it misapplies the law to the facts; we review the application of the law de novo to determine whether an abuse of discretion has occurred. *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450.

## DISCUSSION

**{6}** To intervene as a matter of right under Rule 1-024(A)(2), the movant must "claim[] an interest relating to the property or transaction which is the subject of the action"; they must show that they are in a position in which "the disposition of the action may . . . impair or impede [their] ability to protect that interest"; and they must show that the existing parties would not "adequately represent[]" their interest. Absent a showing of the elements above, "anyone may be permitted to intervene in an action" under Rule 1-024(B), so long as their "claim or defense and the main action have a question of law or fact in common." Rule 1-024(B)(2). Before granting a motion to intervene under Rule 1-024(B), the district court "[i]n exercising its discretion" must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Rule 1-024(B).

**{7}** Arguing for intervention as of right under Rule 1-024(A)(2), Appellant is confusing two distinct statutory schemes. The Uniform Probate Code, NMSA 1978, §§ 45-1-101 to -9A-13 (1975, as amended through 2024), and the Wrongful Death Act, NMSA 1978, §§ 41-2-1 to -4 (1882, as amended through 2001), contemplate different legal rights and responsibilities. *See In re Est. of Golden*, 2024-NMCA-048, ¶ 2 n.1, 550 P.3d 876 ("A Probate Code [personal representative] appointment and a [personal representative] appointment under the [Wrongful Death Act] are considered separately and each encompasses different responsibilities."), *cert. denied* (S-1-SC-40414, June 18, 2024). Specifically, a personal representative under the Probate Code has "a duty to settle and distribute the estate of a decedent." Section 45-3-703(A). In contrast, the Wrongful Death Act generally establishes a cause of action "[w]henever the death of a person shall be caused by the wrongful act, neglect or default of another." Section 41-2-1. And a personal representative under the Wrongful Death Act "need not . . . have the full powers required by the Probate Code, since [their] duties under the Wrongful Death Act are merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." *Chavez*

*v. Regents of Univ. of N.M.*, 1985-NMSC-114, ¶ 10, 103 N.M. 606, 711 P.2d 883; *accord In re Estate of Sumler*, 2003-NMCA-030, ¶ 8, 133 N.M. 319, 62 P.3d 776; *see* § 41-2-3 (requiring a wrongful death claim to be brought by a personal representative). The district court recognized these distinctions in denying Appellant's motion to intervene.

**{8}**     Appellant's motion to intervene otherwise falls short under Rule 1-024(A)(2)'s requirements. In arguing she may intervene as a matter of right, Appellant's interest in the wrongful death claim is contingent on E.M.'s potential entitlement to recover under the Wrongful Death Act. Generally, the interest necessary to intervene under Rule 1-024(A) must be "direct rather than contingent." *Cordova v. State, ex rel. Hum. Servs. Dep't*, 1989-NMCA-110, ¶ 7, 109 N.M. 420, 785 P.2d 1039. Further, Appellant's argument to intervene presumes that there will be some settlement amount or judgment recovered and that Appellees would shirk their fiduciary duties to seek a fair recovery under Section 41-2-1. Appellant states, but does not clearly develop an argument how, Appellees would breach their fiduciary duties as personal representatives, and we decline to make an argument for her now. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)); *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Thus, Appellant fails to show how Appellees "inadequately represent[]" Appellant's interest in the wrongful death suit; a necessary showing under Rule 1-024(A)(2). Considering this, we are not persuaded that the district court erred in concluding that Rule 1-024(B), rather than Rule 1-024(A), controls.

**{9}**     As for the district court's denial of Appellant's motion under Rule 1-024(B), Appellant does not show how this was an abuse of discretion. One can foresee that, as the district court found, intervention at this point "would be confusing and cumbersome for any third party to deal with competing claims of representation in pursuing any [w]rongful [d]eath or [t]ort [c]laims on behalf of Decedent and her [e]state." Whether to hire an expert, and if so, who, is an example of potential litigation complications. Appellant does not challenge the district court's finding, *see* Rule 12-318(A)(4) NMRA, and it is thus binding on appeal. *See Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108.

**{10}**     We are also unpersuaded by Appellant's argument that the district court erred by not allowing her to intervene so that she may provide evidence and argue that Appellees should be equitably estopped from recovering under the Wrongful Death Act as Decedent's natural parents. Appellant provides no authority for her theory that it is error to deny a motion to intervene if the movant has evidence to support an equitable argument. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Moreover, in arguing that Appellees are barred from recovering under the Wrongful Death Act by this Court's decision in *Perry v. Williams*, 2003-NMCA-084,

¶¶ 2-3, 5-6, 10, 28, 133 N.M. 844, 70 P.3d 1283 (holding that a father could not benefit from a settlement in a wrongful death proceeding brought on behalf of his deceased son, whom the father had abandoned and failed to support during his lifetime), Appellant does not argue that *Perry*'s holding disqualifies Appellees from serving as personal representatives. We will not decide issues not raised by the parties. *See Elane Photography, LLC*, 2013-NMSC-040, ¶ 70 ("It is of no benefit either to the parties or to future litigants for [an appellate court] to promulgate case law based on our own speculation rather than the parties' carefully considered arguments."). It is clear that the district court's decision as to the rightful recipients of any settlement or judgment in the wrongful death proceeding will have to be made when and if the same appears imminent. *See* § 41-2-3 (outlining the priority of certain individuals eligible to receive proceeds from a judgment in a wrongful death claim). Although we affirm the district court's order now, if evidence develops that Appellees are mismanaging the wrongful death litigation, a further petition to intervene may be appropriate.

**CONCLUSION**

**{11}** We affirm.

**{12} IT IS SO ORDERED.**

**BRUCE D. BLACK, Judge Pro Tem.**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**ZACHARY A. IVES, Judge**