2007-NMCA-090

163 P.3d 502

**Nicole NELLIS, for herself and all others similarly situated, Plaintiff–Appellee,**

v.

**MID–CENTURY INSURANCE COMPANY, Defendant–Appellee,**

and

**Prematic Service Corporation, Proposed Intervenor–Appellant.**

No. 26,530.

Court of Appeals of New Mexico.

June 6, 2007.

McCary, Wilson & Pryor, Floyd D. Wilson, Freedman, Boyd, Daniels, Hollander & Goldberg, P.A., David Freedman, Alan Konrad, Peifer, Hanson & Mullins P.A., Robert E. Hanson, Eaves & Mendenhall, P.A., John M. Eaves, Albuquerque, NM, Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, Timothy G. Blood, San Diego, CA, for Appellee Nicole Nellis.

Rodey, Dickason, Sloan, Akin & Robb, P.A., Andrew G. Schultz, Albuquerque, NM, Skadden, Arps, Slate, Meagher & Flom, LLP, Darrel J. Hieber, Douglas B. Adler, Robert J. Herrington, Micol Small, Los Angeles, CA, for Appellee Mid–Century Insurance Co.

Modrall, Sperling, Roehl, Harris & Sisk, P.A., Douglas G. Schneebeck, Donald A. DeCandia, Alex C. Walker, Albuquerque, NM, for Appellant.

## OPINION

KENNEDY, Judge.

{1} Prematic Service Corporation (Nevada) and Prematic Service Corporation (California) (collectively Prematic) appeal the district court's denial of its motion to intervene in a lawsuit between Plaintiff Nicole Nellis and Defendant Mid–Century Insurance Company. Prematic sought to intervene to protect its rights to collect a "service fee" that Plaintiff construed to be an additional "premium" in breach of Plaintiff's contract with Mid–Century. Three issues are raised on appeal: (1) whether the district court abused its discretion in denying the motion to intervene as untimely, (2) whether the district court erred in denying intervention as a matter of right, and alternatively, (3) whether the district court erred in failing to allow permissive intervention. We hold that the district court did not abuse its discretion in determining that Prematic's application for intervention was untimely and affirm. Since the issue of timeliness is a threshold issue, we decline to address Prematic's other claims.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} Plaintiff filed a class action suit against Mid–Century on November 20, 2003, alleging breach of contract for Mid–Century's practice of applying a service charge to payments made monthly, rather than twice annually. Mid–Century moved for dismissal on March 30, 2004, for failure to state a claim. The district court denied the motion in part and granted the motion in part in an order dated May 31, 2005. On August 9, 2005, Prematic, the processing company for the monthly premium payments and recipient of the service charge, filed a motion to intervene. Prematic alleged that it had separate, enforceable agreements with Mid–Century's insureds requiring the insureds to pay their monthly premium through Prematic, who then forwarded the premium to Mid–Century while keeping a service fee. The district court held a hearing on September 16, 2005, and denied Prematic's motion as untimely. This appeal followed.

## DISCUSSION

{3} Prematic argues that it has a right to intervene in the action under Rule 1–024(A) NMRA, further arguing that the district court improperly denied its motion to intervene as untimely before considering whether

Prematic was entitled to intervention as a matter of right. Prematic further argues that there are different standards for timeliness depending on whether the proposed intervenor has a right to intervene or if the intervenor can permissively intervene. Although we agree with Prematic that there are differing standards of timeliness based on whether the intervention is of right or permissive, we disagree that the district court misinterpreted Rule 1–024 and uphold the district court's decision that Prematic's application for intervention was untimely.

{4} We will uphold a district court's denial of a motion to intervene, absent a clear abuse of discretion. *Apodaca v. Town of Tome Land Grant,* 86 N.M. 132, 133, 520 P.2d 552, 553 (1974). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims,* 1996–NMSC–078, ¶ 65, 122 N.M. 618, 930 P.2d 153. "A court abuses its discretion when it misapplies the law to the facts; we review the application of the law de novo to determine whether an abuse of discretion has occurred." *Wilson v. Mass. Mut. Life Ins. Co.,* 2004–NMCA–051, ¶ 21, 135 N.M. 506, 90 P.3d 525.

**Timeliness**

{5} Rule 1–024(A), (B) provides for intervention of right and permissive intervention.

> Although the trial court applies different standards for the two kinds of intervention, granting more leeway when the intervention is of right, both kinds of intervention require a timely application. The timeliness requirement lacks precisely measurable dimensions, and whether the requirement is met lies within the trial court's discretion.

*In re Norwest Bank of N.M., N.A.,* 2003–NMCA–128, ¶ 17, 134 N.M. 516, 80 P.3d 98 (internal quotation marks and citations omitted). The district court is to assess the timeliness requirement "in light of all the circumstances of the case." *Id.* (internal quotation marks and citation omitted). Timeliness is a threshold question. *Murken v. Solv-Ex Corp.,* 2005–NMCA–137, ¶¶ 12,

14, 138 N.M. 653, 124 P.3d 1192. The first and dispositive issue is whether Prematic's motion to intervene was timely.

{6} The burden is on the intervening party to establish the timeliness of the motion to intervene. *Id.* ¶ 14. One factor that we consider crucial to our analysis is "whether the intervenor knew of its interest and could have sought to intervene earlier in the proceedings." *Id.* (internal quotation marks and citation omitted). Both intervention of right and permissive intervention describe the process of intervention as occurring only after *timely application. See* Rule 1–024. Although the intervenor is given more leeway when applying to intervene as of right, timeliness is of first concern. This Court, in *Murken,* held that because the intervenors did not meet the threshold inquiry of timeliness, it was not necessary for the district court or the appellate courts to address arguments relating to the substance of the intervenor's claim under Rule 1–024. *Murken,* 2005–NMCA–137, ¶ 15. Because there is no specific statutory provision fixing the time for intervention, "the timeliness is governed by equitable principles." *Richins v. Mayfield,* 85 N.M. 578, 580, 514 P.2d 854, 856 (1973).

{7} Absent a showing that the district court distinguished between a claim of intervention as of right from permissive intervention, we afford the district court deference on the issue of timeliness, regardless of the standard the district court used. It is not disputed that Prematic could have sought to intervene earlier in the proceedings. As the district court judge pointed out when denying Prematic's motion to intervene, the complaint in the case was filed on November 20, 2003. Prematic's President was deposed in another, similar case in March of 2004, in which he became aware of the pending litigation and this issue. Prematic argues that it learned of the need to intervene when the motion to dismiss was denied on May 31, 2005, a contention belied by Prematic's knowledge in March 2004. Prematic did not file its motion to intervene for a little over sixteen months—until August 9, 2005. The district court found that the delay in the

motion to intervene was untimely; we cannot say that this is an illogical conclusion. *See Norwest Bank of N.M., N.A.,* 2003–NMCA–128, ¶ 18, 134 N.M. 516, 80 P.3d 98; *see Murken,* 2005–NMCA–137, ¶ 15 ("Intervenors have presented no factual basis whatsoever to support their argument that they did not know of their interest and could not have intervened at an earlier time.").

■ {8} We recognize that a proposed intervenor has a right to intervene where: (1) it "claims an interest relating to the property or transaction which is the subject of the action," (2) it "is so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest," and (3) its interest is not adequately represented by the existing parties to the litigation. Rule 1–024(A)(2). All motions to intervene must be timely, but the timeliness requirement is applied less stringently where a right to intervene is shown. *See Norwest Bank of N.M., N.A.,* 2003–NMCA–128, ¶ 17 (noting that the trial court should allow more "leeway" as to timeliness when intervention is of right). We note that in this case, Plaintiff is seeking recompense from Mid–Century for the fees that ultimately wound up in Prematic's pocket.

{9} Cases such as *United States v. City of Chicago,* 870 F.2d 1256 (7th Cir.1989) and *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060 (D.C.Cir.1998), do not support Prematic's position, as each resolved intervention claims from parties to whose interests intervention was crucial. The claims against Mid–Century do not necessarily "give rise" to a necessary interest in the litigation by Prematic. Unlike *Michaels Stores, Inc. v. Castle Ridge Plaza Associates,* 6 F.Supp.2d 360 (D.N.J.1998); *Sierra Club v. Glickman,* 82 F.3d 106 (5th Cir.1996); *Grutter v. Bollinger,* 188 F.3d 394, 398–99 (6th Cir.1999); and *Hartford Fire Insurance Co. v. Mitlof,* 193 F.R.D. 154 (S.D.N.Y.2000), Prematic does not have an interest that will automatically be harmed should Plaintiff prevail against Mid–Century. New Mexico does not have the expansive view of intervention that prevailed particularly in *Grutter.* Prematic's claim to a right to intervene does not rise to demonstrate a "direct rather than contin-

gent" interest in this litigation. *See N.M. Right to Choose/NARAL v. Johnson,* 1999–NMSC–005, ¶ 17, 126 N.M. 788, 975 P.2d 841 (internal quotation marks and citation omitted). Should Plaintiff's claim prevail, Mid–Century is both the party to pay the judgment, as well as the party to inform its insureds that paying on a monthly basis results in a service charge by Prematic as an administrator of the periodic payments. Neither impacts Prematic's rights to collect from Mid–Century's insureds. While Mid–Century might choose to abandon its relationship with Prematic altogether for some reason, that would not be a direct consequence of a judgment for Plaintiffs in this action.

■ {10} Another factor the district court must consider when assessing timeliness is prejudice to the existing parties. *Norwest Bank of N.M., N.A.,* 2003–NMCA–128, ¶ 17. Prematic argues that its intervention in the lawsuit would not have been prejudicial to the existing parties. Prematic suggests that the point in time in the litigation that it sought to intervene is essential to our analysis of prejudice, a contention we have already rejected since Prematic was aware of these claims well ahead of filing its motion. Plaintiff argues that by the time Prematic filed its motion to intervene, the district court had already ruled on Mid–Century's motion to dismiss and Plaintiff had already filed a motion for class certification. Plaintiff also claims potential prejudice from the counterclaim filed by Prematic. Plaintiff argues that the filing of a counterclaim is inapplicable in a class action suit, and because the law in this area is not settled, resolving this conflict would "substantially prejudice" Plaintiff because it would result in a delay.

{11} The district court found prejudice in this case because it was on the "eve of class certification." The district court also mentioned its concerns with the counterclaim filed by Prematic. At the hearing on the motion to intervene, the district court stated: "[I]t doesn't look to me like the counterclaims that are proposed would even be viable." The district court did weigh prejudice on the parties, although the prejudice was

not the catalyst to its final determination; timeliness was. However, prejudice is not the only factor the district court addressed. As stated earlier, the crucial factor is whether the intervenor knew it had an interest in the litigation and whether it could have intervened earlier. *See Murken,* 2005–NMCA–137, ¶ 14. Prematic knew of the litigation yet did not timely seek to intervene.

## CONCLUSION

{12} We agree with the district court's clear articulation that Prematic's motion to intervene was not timely. Finding no abuse of discretion, we affirm.

{13} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and CELIA FOY CASTILLO, Judges.