This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**IN RE: ESTATE OF GILBERT**

**STEPHEN L. GILBERT,**

Petitioner-Appellee,

v.                                                     **NO. 34,568**

**ANDREW STANLEY BARA,**

Respondent,

and

**ELLEN HEINE,**

Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

The Simons Firm, LLP
Faith Leslie Kalman Reyes
Santa Fe, NM

for Appellee

John Ronald Boyd
Santa Fe, NM

for Andrew Stanley Bara

Ellen Heine
Wayne, NJ

Pro Se Intervenor-Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}      Intervenor Ellen Heine ("Intervenor") appeals the district court's decision in this probate case. We issued a notice of proposed disposition proposing to affirm. Intervenor filed a memorandum in opposition and an amended memorandum in opposition, challenging the proposed affirmance. We have carefully considered the arguments raised in Intervenor's submissions, but remain convinced that affirmance is the correct result in this case. Therefore, for the reasons stated in the notice of proposed summary disposition as well as in this opinion, we affirm the district court's decision. For ease of organization we will address the issues in the same order as they were discussed in the notice, using the same denomination of the issues and addressing only the issues discussed in the memorandum in opposition.

{2}      **Issue 1a:** Intervenor argues that Petitioner, Decedent's son, did not have the authority to challenge Decedent's 2007 will because he was omitted from Decedent's

prior 1994 will. In other words, if the 2007 will were to be invalidated, the 1994 will would re-gain effect, and Petitioner would recover nothing from the estate because he was omitted from the 1994 will. [Am. MIO 2] Intervenor cited a number of out-of-state cases in support of this proposition. However, as we discussed in the notice of proposed summary disposition, Petitioner did not challenge only the 2007 will in this case; he also challenged the 1994 will, claiming it was a sham will designed to shelter assets from his ex-wife. Thus, Petitioner was allowed to challenge both wills in the same proceeding. Since, by invalidating both wills, Petitioner was able to inherit a share of Decedent's estate, he had standing to challenge the wills; as we stated in the notice, an heir who would gain by intestacy has standing to challenge a will. The fact that Petitioner challenged both wills in the same proceeding does not change the standing analysis.

{3}     **Issue 1b:** In this issue, Intervenor appeared to be substantively challenging the district court's decision to invalidate the 1994 will. We proposed to find that Intervenor did not have standing to raise such a challenge, because she would stand to gain nothing if the challenge was successful—once the 2007 will was invalidated, it would make no difference to Intervenor whether the 1994 will remained in effect or the estate was distributed in intestacy, because in neither instance would Intervenor

receive any of the assets of the estate. In response, Intervenor contends that issues concerning the 1994 will can be brought into the 2007 will contest for purposes of "validation." [Am. MIO 4] Intervenor does not explain what she means by "validation," or what is to be "validated." We are therefore unable to understand this argument and will not address it. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (observing that this Court will not review unclear or undeveloped arguments, or guess at what a party's arguments might be).

{4}    **Issue 1d:** In our notice we construed this issue as a broad attack on the district court's findings and conclusions, and proposed to reject this attack. We relied on the principle that this court will not re-weigh the evidence on appeal, or substitute our judgment for the district court's when it comes to evaluating the credibility of witnesses. *See Jones v. Schoelkoppf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844; *Chapman v. Varela*, 2009-NMSC-041, ¶ 5, 146 N.M. 680, 213 P.3d 1109. In response, Intervenor cites cases indicating that the evidence must be viewed as a whole, as well as general principles of law applicable to undue-influence cases. [Am. MIO 4] None of these cases convinces us to depart from the well-worn practice of deferring to the district court's determinations of issues of fact and credibility of witnesses.

**{5}** **Issue 2a:** In the notice we stated Intervenor's argument as one based on the distinction between in rem proceedings and in personam proceedings, and we pointed to a New Mexico statute allowing probate proceedings such as this one to be litigated in this state, which appears to override the common law regarding in rem or in personam status. Intervenor's response abandons the in rem/in personam argument and points out that she also argued that the case should be litigated in New Jersey, where Decedent owned a substantial amount of property and was domiciled for most of his life. [Am. MIO 5] As we pointed out in the notice when discussing a different issue, however, the New Jersey courts had already rejected the case, holding that the probate proceeding should be litigated in New Mexico. [RP Vol. 3, 425-26] That decision was not appealed and became binding on the parties, and this argument is therefore without merit. *See Marchman v. NCNB Texas Nat'l Bank*, 1995-NMSC-041, ¶ 31, 120 N.M. 74, 898 P.2d 709 (discussing the fact that the doctrine of forum non conveniens "presupposes the availability of another forum . . ."); *In re: Estate of Duran*, 2007-NMCA-068, ¶ 15, 141 N.M. 793, 161 P.3d 290 (pointing out that a judgment that is not appealed has res judicata effect for purposes of any and all future litigation between the same parties).

**{6}** **Issue 2b:** In this issue Intervenor challenges the amount of the supersedeas

bond set by the district court. [Am. MIO 5] Since we are affirming the district court's decision and thereby terminating this appeal, this issue is moot. To the extent it may not be moot, we again point out that we addressed this question in a previous order and are not inclined to revisit that order.

**{7}** **Issue 2c:** Intervenor again argues that New Jersey was the proper forum for the probate proceedings [Am. MIO 5]; for the reasons stated above in our discussion of Issue 2a, we do not accept Intervenor's arguments.

**{8}** **Issue 2d:** Intervenor challenges the district court's decision refusing to allow a number of witnesses to testify at trial because Intervenor did not disclose them in a timely manner. We proposed to affirm the court's decision, pointing out that the pretrial order specifically states that only timely-disclosed witnesses will be allowed to testify at trial [RP Vol. 5, 968], and that a decision to allow or disallow testimony from a late-disclosed witness is discretionary with the trial court. *Montoya v. Super Save Warehouse Foods*, 1991-NMSC-003, ¶ 16, 111 N.M. 212, 804 P.2d 403. We also pointed out that Intervenor's list of late-disclosed witnesses was five pages long, and that it would have been impossible for Petitioner to prepare for their testimony before trial. In response, Intervenor makes several arguments, none of which are supported by cited authority. The lack of citation to legal authority alone would be a

sufficient basis upon which to reject Intervenor's arguments. *See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. Nevertheless, we briefly discuss the merits of Intervenor's arguments.

**{9}** Intervenor first contends that her late disclosure of the witnesses should not matter with respect to the beneficiaries under the 2007 will, because they were interested parties in the litigation and should have been allowed to testify on their own behalf, not simply as Intervenor's witnesses. [Am. MIO 5] The fact remains, however, that these interested parties never intervened in the litigation despite being served with many filed documents, and never expressed a desire to testify at the trial until Intervenor named them as witnesses in her late-filed list. The prejudice to Petitioner from late disclosure of witnesses is just as great whether they intended to testify on their own behalf or on behalf of a party to the litigation. Although we need not address the issue, we have grave doubts about whether the interested parties would have been allowed to intervene in the action to participate in the trial, after waiting until the very last minute to ask for such intervention. *See, e.g.*, *Nellis v. Mid-Century Ins. Co.*, 2007-NMCA-090, ¶¶ 7, 10-11, 142 N.M. 115, 163 P.3d 502 (finding no abuse of discretion in denial of motion to intervene filed by party who had knowledge of the lawsuit and did not attempt to intervene until sixteen months later). Suffice it

to say that we see no abuse of discretion on the part of the district court in excluding their testimony.

{10}     Intervenor also argues it was error to exclude the witnesses because Petitioner was in possession of contact information for the witnesses prior to trial. [Am. MIO 6] Having this information is not the same as having information indicating Intervenor intended to have the witnesses testify at trial, and does not remedy the fact that Intervenor had no reason to prepare to address their potential testimony at the trial. This argument is therefore unconvincing.

{11}     Intervenor finally argues that at minimum, Annmay Bara should have been allowed to testify, as she is a named Respondent to the petition. [Am. MIO 6] However, Ms. Bara was not named as a witness in Respondent's own witness list, filed on November 6, 2014, a month before trial [RP Vol. 3, 587], which indicates she did not intend to testify at the trial; we note that her co-Respondent, Mr. Bara, was listed as a witness. [Id.] We are therefore of the opinion the district court did not abuse its discretion by refusing to allow her to testify even though she was at least nominally a party in the case.

{12}     **Issue 2e:** Intervenor continues to argue that the district court erred in appointing Petitioner as Special Administrator of his father's estate. [Am. MIO 6] In our notice

we discussed the reasons for the district court's action, and in response Intervenor merely argues contrary facts and contends that Petitioner harmed her while acting as Special Administrator, by filing legal actions against her. [Id.] These arguments essentially ask us to substitute our judgment for the district court, as to whether a Special Administrator was needed for the estate and as to whether Petitioner would be an appropriate choice for that position. On appeal we will not interfere with judgment calls such as these. *See, e.g.*, *Matter of Estate of Boyer*, 1994-NMCA-005, ¶ 30, 117 N.M. 74, 868 P.2d 1299 (stating that an order removing a personal representative is reviewed under an abuse-of-discretion standard).

{13}     **Issue 2f:** For the third time in the amended memorandum in opposition, Intervenor contends the probate matter should have been heard in New Jersey rather than New Mexico. [Am. MIO 7] We have already pointed out that the New Jersey court refused to hear the matter; that is a sufficient answer to Intervenor's contention. In addition, without citation to authority, Intervenor appears to argue that New Jersey law regarding the proper location to bring a probate action is different than New Mexico law, in that New Jersey purportedly "recognizes" a decedent's residence for that purpose, while New Mexico "allows" the probate action to be brought where the decedent owned property. [Id.] Intervenor also suggests that Decedent was domiciled

in New Jersey rather than New Mexico, without explaining the significance of that assertion. [Id.] All of these assertions appear to raise potentially complicated questions of fact and law, regarding the law of domicile of an incapacitated person who has a court-appointed guardian, possible differences in New Jersey and New Mexico probate law, and even the question of what to do if, as Intervenor appears to argue, the only state that has authority to host the probate proceeding has declined to do so. Yet, as pointed out above, Intervenor has completely failed to cite any legal authority in support of her assertions, or to develop her arguments in any manner. We therefore decline to address any potential legal issue that might be presented in this issue. *See ITT Educ. Servs., Inc.*, 1998-NMCA-078, ¶ 10; *Greentree Solid Waste Auth. v. Cty. of Lincoln*, 2016-NMCA-005, ¶ 27, 365 P.3d 509 (declining to consider arguments undeveloped by the appellant). We do note that Intervenor's domicile argument is directly contrary to the New Jersey court's determination of that issue, in that the court specifically decided that Decedent was domiciled in New Mexico, not simply residing here, and Intervenor's argument therefore has no factual basis. [RP Vol. 3, 425-26]

{14} **Issue 2g:** This issue concerns the district court's denial of Intervenor's request for a jury trial. Intervenor does not contest the assertion in our notice that the request

10

was untimely; she does argue that the district court could have allowed a six-person jury rather than a twelve-person jury. [Am. MIO 7] As we pointed out in the notice, a decision to deny an untimely request for a jury trial is reviewed only for an abuse of the district court's discretion, *Aspen Landscaping, Inc. v. Longford Homes of New Mexico*, 2004-NMCA-063, ¶ 11, 135 N.M. 607, 92 P.3d 53, and we see no such abuse here; although the district court could have granted the request for a jury, for the reasons stated in the notice and in the district court's order, it was not an abuse of discretion for the court to fail to do so.

{15} **Issue 2h:** Intervenor states that certain facts established by res judicata and documentary evidence will be discussed with respect to Issue 5c. [Am. MIO 8] We will defer discussion of these unspecified issues.

{16} **Issue 3a:** In this issue Intervenor challenged the district court's finding that she and Respondent Andrew Bara were in confidential relationships with Decedent. We proposed to affirm that finding, citing to a case indicating that close friends can be in a confidential relationship with each other. *See In re: Estate of Gersbach*, 1998-NMSC-013, ¶ 12, 125 N.M. 269, 960 P.2d 811. In response, Intervenor again argues that there are differences between relationships that professionals have with their clients and relationships that friends have with each other. [Am. MIO 8] While that

11

is true, it does not negate the possibility that friends may be found to be in a confidential relationship.

**{17}** **Issue 3b:** Discussion of this issue is deferred to the discussion of Issue 5c.

**{18}** **Issue 4:** Intervenor challenged the district court's decision invalidating the 1994 will as a sham. We proposed to hold that Intervenor, who was not named as a beneficiary of the 1994 will and was not connected to it in any way, did not have standing to challenge the invalidation of the 1994 will. In response, Intervenor points out that she was allowed to participate in this case, that Petitioner is the one who raised the question of invalidation of the 1994 will, and that Intervenor should be allowed to respond to the arguments made by Petitioner. [Am. MIO 9] Again, Intervenor cites no authority for the proposition she is stating, which appears to be that a party allowed to participate in a legal proceeding has standing to challenge any and all decisions made during that proceeding. We do not believe this is a correct statement of the law; only decisions that impact a party's legal interests are subject to challenge by that party. Furthermore, as we have already discussed above, we are not convinced by Intervenor's argument that if Petitioner had not been allowed to challenge the 1994 will, he would not have had standing to challenge the 2007 will, leaving that will intact to Intervenor's benefit. We reiterate that there is no reason a

petitioner should not be allowed to challenge two wills at the same time if there are legal or factual grounds upon which to do so.

{19} In an abundance of caution, however, we will assume Intervenor has standing to raise issues concerning the invalidation of the 1994 will. Nevertheless, we affirm the district court's decision on its merits. The district court pointed to undisputed evidence indicating that the 1994 will, omitting Petitioner as an heir, was a sham will designed to shield his potential interest in Decedent's estate from his ex-wife. [RP Vol. 6, 1189] The district court therefore held that the 1994 will was not supported by testamentary intent. *See Matter of Estate of Martinez*, 1983-NMCA-050, ¶ 10, 99 N.M. 809, 664 P.2d 1007 (discussing New Mexico law to the effect that testamentary intent is an essential requisite of every will). Rather than challenging the evidence relied on by the district court, Intervenor's docketing statement complained about the procedure—she pointed out that Petitioner never filed a pleading challenging the 1994 will, but was allowed to raise such a challenge at the trial. It is axiomatic that a district court has discretion to allow pleadings to be amended, even at trial or afterward. *See, e.g.*, *Schmitz v. Smentowski*, 1990-NMSC-002, ¶ 14, 109 N.M. 386, 785 P.2d 726. Since the only argument Intervenor made in the docketing statement was a challenge to the fact that Petitioner never filed a formal pleading requesting invalidation of the

1994 will, we affirm the district court on this issue.

{20} **Issue 5a:** Intervenor originally claimed that Dr. Cave's testimony violated the Americans with Disabilities Act ("ADA"). We proposed to reject this contention. In response, Intervenor states that Dr. Cave's "testimony and speculative claims offend individuals with disabilities." [Am. MIO 9] This is not a legal basis for reversal.

{21} **Issue 5b:** This issue is an attack on Dr. Cave's testimony. In our notice we discussed the fact that admission of expert testimony is within the trial court's discretion, and that any doubts about the admission of such testimony should be resolved in favor of admitting the evidence. *Loper v. JMAR*, 2013-NMCA-098, ¶ 18, 311 P.3d 1184. We also pointed out that Intervenor's attacks on Dr. Cave's testimony concerned the weight to be given such testimony, rather than its admission, and that any weaknesses in such testimony should have been fodder for cross-examination rather than a reason to exclude the testimony. *Lee v. Martinez*, 2004-NMSC-027, ¶ 48, 136 N.M. 166, 96 P.3d 291. In response, Intervenor briefly argues that Dr. Cave's testimony should have been stricken because she erroneously failed to equate competence to participate in a legal proceeding with competence to make a will. [Am. MIO 9] This was a matter for cross-examination, rather than a reason to exclude the evidence entirely, and we find no abuse of discretion on the part of the district court

here.

{22}   **Issue 5c:** This issue is the heart of Intervenor's appeal, as she challenges the merits of the district court's decision to invalidate the 2007 will. In our notice we discussed both grounds relied on by the district court---Decedent's lack of testamentary capacity at the time the will was executed, and undue influence by Intervenor and Respondent Andrew Bara. In this opinion we address only the former, as it is sufficient to uphold the district court's decision. Our notice discussed in detail the law pertaining to testamentary capacity, including the three-pronged inquiry applicable to such a determination, as well as the evidence presented to the district court that satisfied all three prongs. *See In re Estate of Kimble*, 1994-NMCA-028, ¶ 18, 117 N.M. 258, 871 P.2d 22. We also recognized that evidence contrary to the district court's determination was presented, but noted that we are bound to view the evidence in the light most favorable to the district court's decision and to disregard evidence that conflicts with that decision. *Jones*, 2005-NMCA-124, ¶ 8. In response, Intervenor contends this case should be placed on the general calendar so that a transcript of the trial may be reviewed; claims the district court made factual statements that were not true; and argues the evidence presented by Petitioner that was allegedly incorrect should be rebuttable on appeal. [Am. MIO 10-12] We are not

persuaded. First, the docketing statement, record proper, and memorandum in opposition can be an adequate substitute for a transcript on the summary calendar, *State v. Ibarra*, 1993-NMCA-040, ¶¶ 9-11, 116 N.M. 486, 864 P.2d 302, and Intervenor has supplied no special reason why that should be different in this case. Second, Intervenor's claim that the evidence presented by Petitioner, and relied on by the district court, was false runs counter to our standard of review on appeal, already set out above. It is not true that such evidence is "rebuttable" on appeal by other evidence; indeed, the opposite is true. We are required to credit evidence that was relied on by the district court. *Jones*, 2005-NMCA-124, ¶ 8. We therefore affirm on this issue.

{23}    For the reasons discussed in the notice of proposed disposition and this opinion, we affirm.

{24}    **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**

16

_____

**TIMOTHY L. GARCIA, Judge**