This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37994

**MONICA GALLOWAY, SHAWNA MAESTAS, and JOLENE GONZALES,**

Plaintiffs-Appellees,

v.

**NEW MEXICO OFFICE OF THE SUPERINTENDENT OF INSURANCE,**

Defendant,

and

**NEW MEXICO STATE TREASURER,**

Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Egolf + Ferlic + Martinez + Harwood, LLC
Kate Ferlic
Kristina Caffrey
Santa Fe, NM

for Appellees

Wiggins, Williams & Wiggins
Patricia G. Williams
Lorna M. Wiggins
Albuquerque, NM

for Appellant

Todd S. Baran
Santa Fe, NM

for Defendant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** The New Mexico State Treasurer (the Treasurer) appeals the denial of his motion to intervene in an action seeking a declaratory judgment against the New Mexico Office of the Superintendent of Insurance (OSI) for the release of funds after it held administrative proceedings delegated to it following the voluntary dismissal of a qui tam action brought by Monica Galloway, Shawna Maestas, and Jolene Gonzales (collectively, Plaintiffs), pursuant to the Fraud Against Taxpayers Act against Presbyterian Health Plan (PHP). We affirm.

**{2}** Because the parties are familiar with the background, this memorandum opinion does not include a background section. The relevant factual details are included where necessary to our discussion below.

**DISCUSSION**

**{3}** In the district court, the Treasurer moved to intervene as of right, pursuant to Rule 1-024(A)(2) NMRA. The Treasurer did not seek permissive intervention, pursuant to Rule 1-024(B), nor did he plead a statutory right as a basis for intervention. The district court denied the Treasurer's motion to intervene, concluding that his interests in the proceedings are adequately protected by OSI. On appeal, the Treasurer maintains that his intervention in the proceedings below is necessary to ensure Plaintiffs have an avenue through which to obtain their requested relief. While the Treasurer moved to *intervene* as of right pursuant to Rule 1-024(A)(2), his briefing on appeal also cites Rule 1-019(A) NMRA for *joinder*, as he claims to be "an indispensable or necessary party" and notes the "overlap[]" between these two rules. The Treasurer did not seek to *join* the action below, though he referred to himself as "an indispensable party" in his motion to intervene. The Treasurer's briefing invokes joinder primarily by citing Rule 1-019, all the while relying largely on precedent concerning intervention and focusing on principles of intervention as the basis for his argument. However, we acknowledge that the district court concluded that the Treasurer "is not an indispensable party to this action," and that a party may properly raise joinder initially on appeal. *C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc.*, 1991-NMSC-049, ¶ 7, 112 N.M. 89, 811 P.2d 899. For these reasons, we offer an analysis under both rules below.

**{4}** "We will uphold a district court's denial of a motion to intervene, absent a clear abuse of discretion." *Nellis v. Mid-Century Ins. Co.*, 2007-NMCA-090, ¶ 4, 142 N.M. 115, 163 P.3d 502. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted). The district court's application of the law to the facts is subject to de novo review, and we characterize the district court's misapplication of the law to the facts as an abuse of discretion. *See id.* The same

standard of review applies to the Treasurer's arguments regarding joinder. *See Golden Oil Co. v. Chace Oil Co.*, 2000-NMCA-005, ¶ 8, 128 N.M. 526, 994 P.2d 772.

**{5}**     We look first to Rule 1-019, which provides, in relevant part:

> A.      Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if:
>
> . . . .
>
>          (2)      he [or she] claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
>
>                   (a) as a practical matter impair or impede his ability to protect that interest.

Relying on his duties as outlined in NMSA 1978, Sections 8-6-3 (2011) and 6-10-2.1 (2002), the Treasurer maintains that he has an interest in this litigation because he is vested with the authority to "disburse and distribute" the State's funds, and further asserts that OSI's representation is inadequate because it "cannot pay the money being sought by Plaintiffs" without him. The Treasurer further claims that without his intervention, the district court is insufficiently informed of the case before it, and thus cannot fully appraise the merit of Plaintiffs' claims against OSI and evaluate possible defenses the Treasurer may raise to resist disbursement of funds to Plaintiffs. Relying on these assertions, he claims that he is duty-bound to intervene in this suit. In response to the Treasurer's arguments, Plaintiffs direct us to a duo of cases from our Supreme Court, *State ex rel. State Highway Comm'n v. Quesenberry* (*Quesenberry I*), 1963-NMSC-113, 72 N.M. 291, 383 P.2d 255 and *State ex rel. State Highway Comm'n v. Quesenberry* (*Quesenberry II*), 1964-NMSC-043, 74 N.M. 30, 390 P.2d 273, that they contend dispel the Treasurer's position and control the issue at hand. We heed these precedents, and conclude that the Treasurer's arguments run counter to their tenets and the applicable statutory scheme. We explain.

**{6}**     Among the Treasurer's duties, upon which he grounds his argument as to why he is an indispensable party is that he "shall . . . disburse the public money upon warrants drawn according to law." Section 8-6-3. This duty is ministerial. *See N.M. Bldg. & Constr. Trades Council v. Dean*, 2015-NMSC-023, ¶ 5, 353 P.3d 1212 ("A ministerial act is an act which an officer performs under a given state of facts, in a prescribed manner, in obedience to a mandate of legal authority, without regard to the exercise of his own judgment upon the propriety of the act being done." (internal quotation marks and citation omitted)). Indeed, as noted by the Treasurer, New Mexico's statutory scheme for public finances requires the Financial Control Division of the New Mexico Department of Finance and Administration to issue "warrants upon the state treasury," NMSA 1978, § 6-5-5 (1977), upon determination of valid authority by the state agency at issue and the Financial Control Division. *See* NMSA 1978, § 6-5-1(A), -3 (2003). And

as noted by Plaintiffs, our laws divest the Treasurer of discretion with respect to warrants for the payment of funds. *See* §§ 6-5-5, -6 (2003). In *Quesenberry II*, our Supreme Court expressly stated that indispensable parties do not include "persons . . . who have mere ministerial duties to carry out in paying a judgment." 1964-NMSC-043, ¶ 4. It also requires appellate courts to refrain from presupposing that the Treasurer will refuse to disburse the funds to pay a judgment. *See id.* Therefore, the Treasurer is not an indispensable party as his duties in this situation are purely ministerial.

**{7}**    We turn next to Rule 1-024(A)(2), which provides:

>    A.    Intervention of right. Upon timely application anyone shall be permitted to intervene in an action:
>
>    . . . .
>
>        (2)    when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

In addition to timeliness, to successfully intervene as of right, applicants must overcome "three remaining obstacles" by demonstrating: "(1) interest; (2) impairment of that interest; and (3) inadequacy of representation of that interest." *Chino Mines Co. v. Del Curto*, 1992-NMCA-108, ¶ 9, 114 N.M. 521, 842 P.2d 738 Applicants must "demonstrate an interest in the action that is significant, direct rather than contingent, and based on a right belonging to the proposed intervenor rather than to an existing party in the suit." *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-005, ¶ 17, 126 N.M. 788, 975 P.2d 841 (alteration, internal quotation marks, and citation omitted). "Where the state, or the federal government, is named as a party to an action and the interest the applicant seeks to protect is represented by a governmental entity, a presumption of adequate representation exists. In such cases, the applicant must make a concrete showing of why the representation is inadequate." *Chino Mines Co.*, 1992-NMCA-108, ¶ 11 (citations omitted).

**{8}**    The Treasurer has also failed to "make a concrete showing" to overcome the presumption that any interest he may have in this litigation is adequately protected by OSI; therefore, we will not address the first two factors. *See id.* ¶¶ 11, 13 (holding that "the burden to show inadequate representation" is not "minimal . . . in cases involving governmental representatives"); *id.* ¶ 9 (noting that "each . . . prerequisite[]" of Rule 1-024 (A)(2) must be met to successfully intervene in an action). In light of the reasons set forth above concerning the Treasurer's ministerial duties, merely stating that OSI, another state entity, cannot adequately represent the interests of the Treasurer because OSI cannot itself pay a judgment, is insufficient to show the inadequacy of representation. The absence of this showing is fatal to the Treasurer's desire to

intervene. Lastly, as noted in *Quesenberry I*, any dispute that may arise concerning payment of a judgment in favor of Plaintiffs in this case is properly litigated in a proceeding on a writ of mandamus. *See* 1963-NMSC-113, ¶¶ 3-4.

**{9}** We therefore, are unpersuaded by the Treasurer's claim that intervention, or joinder in this case, is vital to protect the State's funds and allow him an opportunity "to assert defenses to . . . disbursement." In our view, the Treasurer's argument, if adopted and extended to its logical end, would grant him purpose to intervene in any action in which a state entity is a defendant, simply because any potential judgment against the State will ultimately be paid by the state treasury. We do not accept this result. For all these reasons, we cannot conclude that the district court abused its discretion by denying the Treasurer's motion to intervene in the proceedings below.

**CONCLUSION**

**{10}** We affirm the district court's denial of the Treasurer's motion to intervene.

**{11} IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KRISTINA BOGARDUS, Judge**