This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38990**

**DIANE BOLES-SCOTT, et al.,**

Plaintiffs,

v.

**CITY OF ALBUQUERQUE,**

Defendant-Appellee,

v.

**CLAUDEEN CRANK,**

Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Peifer, Hanson, Mullins & Baker, P.A.
Robert E. Hanson
Elizabeth K. Radosevich
Albuquerque, NM

for Appellees

Kennedy Law, P.C.
Joseph P. Kennedy
Shannon L. Kennedy
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Claudeen Crank appeals the district court's denial of her motion to intervene. We affirm.

## BACKGROUND

**{2}** In December 2013, nine plaintiffs (Plaintiffs) filed a lawsuit against the City of Albuquerque (the City), challenging the City's Motor Vehicle Seizure and Forfeiture Ordinance (Vehicle Forfeiture Ordinance), *Albuquerque, N.M., Code of Ordinances*, ch. 7, art. 6, §§ 7-6-1 to -7 (1974, amended 2014).[1] Plaintiffs sought to represent a class defined as "all persons and businesses that had a vehicle that was seized by [the Albuquerque Police Department] through the [V]ehicle [F]orfeiture [O]rdinance and was either never convicted of a crime or did not know that their vehicle would be used in the commission of a crime" and including "all individuals whose vehicle was seized according to [Section] 7-6-5(B) by which the City obtained title and ownership through the State's ex parte abandoned property statutes." Plaintiffs' class claims included violations of the New Mexico Forfeiture Act, excessive fines in violation of the Eighth Amendment of the United States Constitution, procedural due process violations in violation of the Fourteenth Amendment of the United States Constitution, unlawful taking of property without just compensation in violation of the Fifth Amendment of the United States Constitution, an intentional violation of civil and constitutional rights, and entitlement to declaratory and injunctive relief.

**{3}** Plaintiffs moved to certify the proposed class in December 2015. At the motion hearing on Plaintiffs' class certification, the district court raised concerns about the adequacy of class counsel and the adequacy and standing of the class representatives for certain claims. The district court denied the motion for class certification without prejudice, but permitted Plaintiffs to file a motion curing the identified issues so long as Plaintiffs associated with experienced and qualified class counsel within sixty days of the hearing.

**{4}** Plaintiffs did not associate with experienced class counsel or file an additional pleading within sixty days to cure the issues identified by the district court. Instead, Plaintiffs filed an unopposed motion seeking leave to amend their complaint in September 2017. The district court granted this motion and Plaintiffs amended their complaint to remove all class claims in October 2017. In May 2019, Plaintiffs and the City informed the district court that they were working towards settling all remaining claims.

---

[1]The Plaintiffs challenged the 2008 version of the Vehicle Forfeiture Ordinance and this opinion relies on the 2008 version. The 2008 version of the Vehicle Forfeiture Ordinance was declared unconstitutional in a different lawsuit, Memorandum Opinion and Order, *City of Albuquerque ex rel. Albuquerque Police Dep't v. Jaruzel*, Case No. D-202-CV-2011-10308 (2d Jud. Dist. Ct. Nov. 22, 2013). The legality of the Vehicle Forfeiture Ordinance is not at issue in this appeal.

**{5}** In July 2019, Crank moved to intervene on her own behalf and on behalf of the putative class. In her class action complaint attached to her motion to intervene, Crank sought to represent

> [a]ll persons and entities who, within three years prior to the filing of the [c]omplaint in this matter and until March 25, 2016, have suffered the impairment of property interests, including the unlawful seizure, impound, immobilization, or sale of their vehicles, or the imposition of unlawful fines related thereto, resulting from one or more of the following:
>
> > (a)  the City['s] creation and operation of a civil vehicle forfeiture program that was affected by an unlawful profit incentive in violation of the Due Process Clause of the United States Constitution; and
> >
> > (b)  the City['s] creation and operation of a civil vehicle forfeiture program that required car owners to prove their innocence to secure the return of their vehicles in violation of the Due Process Clause of the United States Constitution.

Crank's class claims for relief alleged (1) an unconstitutional profit incentive in violation of the Due Process Clause of the United States Constitution, and (2) unconstitutional deprivation of property through burden shifting in violation of the Due Process Clause of the United States Constitution. Crank stated in her accompanying affidavit that she had been aware of the litigation regarding the Vehicle Forfeiture Ordinance since late 2015 or early 2016, but that she was not aware class certification had been denied until June 2019. Plaintiffs and the City mutually agreed to settle their claims and Plaintiffs' action was dismissed in December 2019.

**{6}** The district court denied Crank's motion to intervene as untimely following a hearing, relying in part on Crank's affidavit where she admitted knowledge of the litigation. This appeal followed.

## DISCUSSION

**{7}** Rule 1-024(A), (B) NMRA provides for intervention of right and permissive intervention. We review the district court's denial of a motion to intervene for an abuse of discretion. *Rivera-Platte v. First Colony Life Ins. Co.*, 2007-NMCA-158, ¶ 86, 143 N.M. 158, 173 P.3d 765. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. When we construe Rule 1-024 as it applies to class actions, we view federal case law interpreting Federal Rule of Civil Procedure 24 as persuasive authority. *See Rivera-Platte*, 2007-NMCA-158, ¶ 89 ("We understand that New Mexico cases provide limited guidance on the application of Rule 1-024 to class action objectors. Therefore, because the pertinent portions of Rule 1-024 are similar to the federal rule, the district court may utilize federal case law in its analysis.").

**{8}** Crank argues that the relevant inquiry is whether her motion was made within a reasonable time after she should have known that the class representative was not planning to appeal the denial of class certification, and that under that standard, her motion was timely. The City responds that "[t]he salient question in considering the timeliness of intervention is whether the intervenor had an 'opportunity to become a party prior to' the date they sought to intervene because they had notice of the lawsuit itself." The City argues that the record supports the district court's ruling that Crank's motion was untimely because Crank admits that she had actual notice of the case for over three years, but did not seek to intervene during that time. The City notes that Crank waited three years after the denial of class certification and two years after Plaintiffs expressly abandoned their class claims to intervene. We hold that the district court did not abuse its discretion in denying Crank's motion to intervene.

**{9}** "Timeliness is a threshold requirement for intervention that depends on the circumstances of each case." *Murken v. Solv-Ex Corp.*, 2005-NMCA-137, ¶ 14, 138 N.M. 653, 124 P.3d 1192 (internal quotation marks and citation omitted). Whether the timeliness requirement is met lies within the trial court's discretion, and the trial court assesses timeliness in light of all the circumstances of the case. *In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 17, 134 N.M. 516, 80 P.3d 98. When timeliness is at issue, "the burden is on the intervening party to establish the timeliness of the motion to intervene." *Murken*, 2005-NMCA-137, ¶ 14 (citation omitted). "A crucial factor for the trial court is whether the intervenor knew of its interest and could have sought to intervene earlier in the proceedings." *In re Norwest Bank*, 2003-NMCA-128, ¶ 17. "The trial court must also consider whether permitting intervention will prejudice the existing parties—particularly with respect to additional delay." *Id.*

**{10}** Without question, Crank had the opportunity to intervene earlier in the proceedings—the district court relied in part on Crank's admitted prior knowledge of the lawsuit in denying her motion. "The crucial factor is whether the intervenor knew [he or she] had an interest in the litigation and whether [he or she] could have intervened earlier." *Nellis v. Mid-Century Ins. Co.*, 2007-NMCA-090, ¶ 11, 142 N.M. 115, 163 P.3d 502; *see also In re Norwest Bank*, 2003-NMCA-128, ¶ 17 (same). Crank knew of the litigation as early as 2015, but did not seek to intervene until 2019. The district court observed there was no explanation for why Crank did not move to intervene three years prior. We cannot say the "ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims*, 1996-NMSC-078, ¶ 65; *see also In re Norwest Bank*, 2003-NMCA-128, ¶ 18 (finding no abuse of discretion where the record reflected that the intervenors had ample opportunity to become parties and the intervenors only objected after realizing they would receive nothing from the settlement).

**{11}** Crank, relying on *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), argues that her motion is timely for the limited purpose of pursuing an appeal of the district court's denial of class certification on behalf of the class and that her motion must be permitted as a matter of right. In *McDonald*, the United States Supreme Court held that a district court should have allowed a putative class member to intervene to appeal the district court's order striking the class allegations (effectively an order denying class

certification). *Id.* at 388-90, 395-96. The Court explained that the critical question in cases seeking postjudgment intervention for purposes of appeal is whether "the intervenor acted promptly after the entry of final judgment." *Id.* at 396. Because the motion to intervene was filed within the thirty days to appeal, the Court concluded that the intervenor had acted within the time period. *Id.*

**{12}** Crank's reliance on *McDonald* is unpersuasive for two reasons. First, Crank's motion does not reflect that she moved to intervene for the limited purpose of appealing the denial of class certification. Her motion to intervene asserted that she moved to intervene on her own behalf as well as on behalf of the class and her attached complaint proposed a class of "[a]ll persons and entities who . . . have suffered the impairment of property interests" due to "the City['s] . . . vehicle forfeiture program" as opposed to Plaintiffs' original proposed class, "all persons and businesses that had a vehicle that was seized . . . through the [V]ehicle [F]orfeiture [O]rdinance." This proposed class would expand the original class significantly, including not just persons and businesses but any organization impacted by the Vehicle Forfeiture Ordinance. *See Black's Law Dictionary* (11th ed. 2019) (defining "entity" as "an organization (such as a business or a governmental unit) that has a legal identity apart from its members or owners"). And Crank's proposed class only requires class members to have had their property interests negatively impacted by the Vehicle Forfeiture Ordinance, which, unlike the original proposed class, does not necessitate seizure of a class member's vehicle. Additionally, the claims Crank raises in her complaint differ from the class claims originally argued by Plaintiffs. While *McDonald* might make Crank's motion timely if she intervened only to appeal the denial of class certification, *McDonald* does not support Crank's attempt to intervene and propose an entirely distinct class. *Cf. Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (stating that the purpose of allowing intervention is to prevent a multiplicity of suits involving common questions of law or fact, not to allow for the creation of whole new suits by intervenors). Second, Crank undoubtedly had the opportunity to intervene years before and therefore did not act promptly to protect her interest. *See McDonald*, 432 U.S. at 394 ("The critical fact here is that . . . as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protects those interests.").

**{13}** Additionally, permitting Crank's intervention would have prejudiced the existing parties. *See In re Norwest Bank*, 2003-NMCA-128, ¶ 17. The present case has been ongoing for nearly a decade and Plaintiffs dismissed their action against the City with prejudice shortly after Crank filed her motion to intervene. Intervention at this late stage would require substantial motion practice addressing a different class than the class originally proposed by Plaintiffs and would cause significant delay in the final resolution of this case. *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (upholding a denial of a motion to intervene due to undue delay and the differences between the proposed intervenors and plaintiffs, which would "only serve to undermine the efficiency of the litigation process" (internal quotation marks omitted)).

**{14}**    We, therefore, determine that the district court did not abuse its discretion when denying Crank's motion to intervene as untimely. Because we determine that Crank's motion to intervene was untimely under the facts of this case, we decline to address her arguments that she meets all other requirements for intervention.

**CONCLUSION**

**{15}**    We affirm the district court's order denying Crank's motion to intervene.

**{16}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**GERALD E. BACA, Judge**