This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39494**

**U.S. BANK NATIONAL ASSOCIATION
as Legal Title Trustee for TRUMAN
2016 SC6 TITLE TRUST,**

       Plaintiff-Appellee,

v.

**JAVIER CAMPOS, CHRISTIANA TRUST,
A DIVISION OF WILMINGTON SAVINGS
FUND SOCIETY, FSB, not in its Individual
Capacity but as Trustee of ARLP TRUST 4,
THE UNKNOWN SPOUSE OF JAVIER
CAMPOS,**

       Defendants,

**REALTEK, INC.,**

       Proposed Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Carl J. Butkus, District Court Judge**

Houser LLP
Solomon S. Krotzer
Albuquerque, NM

For Appellee

Marrs Griebel Law, Ltd.
Clinton W. Marrs
David S. Ketai
Albuquerque, NM

for Appellant

# DISPOSITIONAL ORDER

**HENDERSON, Judge.**

**THIS MATTER** is on appeal from the district court's denial of Proposed Intervenor-Appellant RealTek, Inc.'s (RealTek) motion to intervene in a foreclosure action between Javier Campos (Campos) and Appellee U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust (U.S. Bank) concerning real property (Property). For the reasons that follow, we affirm.

We note the following:

1.      RealTek argues, as it did below, that it is entitled to intervene because U.S. Bank's foreclosure action was time-barred by the statute of limitations period prescribed by NMSA 1978, Section 37-1-3(A) (2015), and thus RealTek's interest in the Property is superior.

2.      Alternatively, RealTek asserts that the district court erred in denying its motion to permissively intervene.

3.      "We will uphold a district court's denial of a motion to intervene, absent a clear abuse of discretion." *Nellis v. Mid-Century Ins. Co.*, 2007-NMCA-090, ¶ 4, 142 N.M. 115, 163 P.3d 502. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted). However, "when we review for an abuse of discretion, our review of the application of the law to the facts is conducted de novo." *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (internal quotation marks and citation omitted).

4.      We have carefully reviewed the briefs, applicable law, and arguments made by the parties. We have also reviewed the entire record, including the district court's order denying RealTek's motion to intervene.

5.      We conclude that RealTek failed to demonstrate that the district court erred in denying the motion to intervene as a matter of right. *See Corona v. Corona*, 2014-NMCA-071, ¶ 26, 329 P.3d 701 ("The appellate court presumes that the district court is correct, and the burden is on the appellant to clearly demonstrate that the district court erred."). The district court concluded that RealTek's interest in the property was limited to its right of redemption, and thus it was not entitled to intervene as a matter of right in the underlying foreclosure action. RealTek argues that it has an interest in the Property by way of a warranty deed from Campos, and that its interest is superior to any interest U.S. Bank had because U.S. Bank's foreclosure action was time-barred by the relevant statute of limitations, even though RealTek was not a party to the underlying action and was denied intervention. In doing so, RealTek fails to meaningfully address the district court's ruling. RealTek's argument on appeal focuses on its statute of limitations defense, but does not contain any argument addressing the

district court's substantive ruling. Because RealTek has failed to present any argument challenging or demonstrating error in the district court's decision, it has failed to meet its burden on appeal. *See id.*

6.      Additionally, we conclude that RealTek failed to preserve its arguments regarding permissive intervention. To preserve an issue for appeal, the district court and opposing party must be sufficiently alerted to the issue. *Romero v. Bank of Sw.*, 2003-NMCA-124, ¶ 16, 135 N.M. 1, 83 P.3d 288. In both its original motion to intervene and its amended motion, RealTek exclusively requested leave to intervene as a matter of right. RealTek requested leave to permissively intervene pursuant to Rule 1-024(B)(2) for the first time in its supplemental briefing on intervention requested by the district court. As a result, U.S. Bank did not have an opportunity to address this new basis for RealTek's motion. Additionally, the district court's order denying RealTek's motion to intervene does not address RealTek's late request for permissive intervention. Under these circumstances, we decline to consider this argument as it was not properly before the district court.

7.      We affirm the district court's denial of RealTek's motion to intervene.

**IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**I CONCUR:**

**MEGAN P. DUFFY, Judge**

**MICHAEL D. BUSTAMANTE, Judge,**
**Retired, Sitting by Designation (special concurrence).**

**BUSTAMANTE, Judge, Retired, Sitting by Designation (special concurrence).**

I specially concur in the decision to affirm the district court's order in this case. The district court's order relied exclusively on a series of cases from Florida that prevent intervention by purchasers of properties subject to foreclosure if the purchase occurs after a lis pendens is filed. *See, e.g.*, *Space Coast Credit Union v. Goldman*, 262 So. 3d 836 (Fla. Dist. Ct. App. 2018). In doing so, I believe the district court imposed a timeliness requirement on Rule 1-024(A) and (B) NMRA motions that is not supported by New Mexico authorities. I would prefer to address the issue on the merits, but the briefing below and here is not sufficient to guide or support the inquiry. Thus, I somewhat reluctantly leave the matter for another day and another case.

**MICHAEL D. BUSTAMANTE, Judge,**
**Retired, Sitting by Designation**