This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39211**

**TECOLOTE LAND GRANT, by and through the TECOLOTE BOARD OF TRUSTEES, WALTER ATENCIO, MANUEL PACHECO, CHRIS CASTELLANO, JEROME GARZA, and MEL J. CASTELLANO JR.,**

Plaintiffs,

v.

**EDWARDO MONTOYA, ANTONIO MONTOYA, ESTEVAN MONTOYA, CARLOS MONTOYA, RICARDO MONTOYA, DANIEL MONTOYA, TOM GONZALES, LEOPOLDO GONZALES, and GABRIEL MONTOYA,**

Defendants, Counterclaimants, and Third-Party Defendants-Appellees,

v.

**JILL MONTOYA MARLOW, ELIZABETH MONTOYA GARCIA, and ANDREA MONTOYA GURULE,**

Third-Party Defendants-Appellees,

_____

**SABRINA MONTOYA CHAVEZ,**

Third-Party Proposed Intervenor-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**George Eichwald, District Court Judge**

Domenici Law Firm, P.C.
Pete V. Domenici, Jr.
Reed C. Easterwood
Albuquerque, NM

for Appellees Antonio Montoya, Estevan Montoya, Carlos Montoya, Ricardo Montoya, Daniel Montoya and Gabriel Montoya

Cuddy & McCarthy, LLP
M. Karen Kilgore
Santa Fe, NM

for Appellees Jill Montoya Marlow, Elizabeth Montoya Garcia, and Andrea Montoya Gurule

Carlos Ruiz de la Torre
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Sabrina Montoya Chavez appeals the district court's denial of her motion to intervene in the lawsuit between a land grant known as the Tecolote Land Grant (Land Grant), certain descendants of Jose Maria Montoya (the Montoya Defendants), and third-party Defendants Jill Montoya Marlow, Elizabeth Montoya Garcia, and Andrea Montoya Gurule (the Montoya Sisters). In the third-party claim, the Montoya Sisters claim both title and a superior interest over the Montoya Defendants to part of the land called the Andrea Tract. Chavez argues on appeal: (1) the district court erred in denying her motion to intervene in the third-party claim as a matter of right because she has the same interest as the Montoya Sisters, who are her sisters; and (2) for the first time on appeal, she should be joined as a necessary and indispensable party to the litigation. We hold that the district court did not abuse its discretion when denying Chavez's motion to intervene and that Chavez is not a necessary party to the litigation. We therefore affirm.

**{2}** This is the third time this land dispute is before this Court. *See Montoya v. Tecolote Land Grant ex rel. Tecolote Bd. of Trs.*, 2008-NMCA-014, 143 N.M. 413, 176 P.3d 1145; *Tecolote Land Grant ex rel. Tecolote Bd. of Trs. v. Montoya*, 2014-NMCA-092, 335 P.3d 222. Because this is a memorandum opinion and the parties are familiar with the lengthy procedural history and facts on appeal, we discuss the facts only as they become necessary to our analysis.

**DISCUSSION**

## I. Intervention of Right

**{3}** We begin with Chavez's argument that the district court abused its discretion in denying her motion to intervene as a matter of right under Rule 1-024(A) NMRA. Chavez asserts the district court erred because she is also a Montoya Sister, her petition was timely, and she met the requirements for intervention.. We disagree and explain.

**{4}** "In reviewing an appeal from an order involving denial of intervention as a matter of right under Rule 1-024(A), where the facts underlying the application are not in dispute, we review the propriety of the court's ruling as an issue of law." *Chino Mines Co. v. Del Curto*, 1992-NMCA-108, ¶ 8, 114 N.M. 521, 842 P.2d 738. "We review issues of law de novo." *NM-Emerald, LLC v. Interstate Dev., LLC*, 2021-NMCA-020, ¶ 8, 488 P.3d 707 (internal quotation marks and citation omitted).

**{5}** Rule 1-024 provides for intervention of right and permissive intervention. Rule 1-024(A), (B). Chavez argues that she is allowed to intervene as a matter of right under Rule 1-024(A)(2).

> Under Rule 1-024(A)(2), an applicant seeking to intervene as a matter of right must file a timely application, and satisfy a three-part test showing that (1) the applicant has an interest in the subject matter of the action; (2) protection of the applicant's interest may be impaired or impeded by disposition of the action; and (3) the interest sought to be protected is not adequately represented by existing parties.

*Chino Mines Co.*, 1992-NMCA-108, ¶ 7 (citation omitted); *see* Rule 1-024(A)(2).

**{6}** Although the parties dispute the timeliness of Chavez's motion to intervene, we decline to address this argument. We do so because, even assuming the petition was timely, we hold that Chavez failed to establish that her ability to protect her interest is impaired.

**{7}** Without question, the district court denied the motion because it agreed with the Montoya Defendants' argument that the litigation did not prevent Chavez from protecting her interest in the Andrea Tract in a separate quiet title claim. The district court stated at the motion hearing that "it's not to say that [Chavez doesn't] have a cause of action, but let them bring it through a separate lawsuit" and "that's not to say that [Chavez] cannot bring a separate cause of action, but not in this case." Chavez does not dispute this on appeal. In fact, Chavez does not challenge the district court's conclusion that a separate action would be sufficient to protect her interest. Rather, Chavez admits that the Montoya Sisters' requested relief in their motion for summary judgment would not impair her ability to protect her interest.

**{8}** Because Chavez has not made any argument to establish her ability to protect her interest will be impaired or impeded if her motion to intervene is not granted,

Chavez has failed to establish that the district court erred in denying her motion to intervene as a matter of right. We therefore affirm the district court's denial of Chavez's motion.

## II.      Joinder of Indispensable Party

**{9}**      Chavez also argues that she should have been joined as a necessary and indispensable party to the litigation under Rule 1-019(A) NMRA. We review the district court's finding of indispensability of a party for abuse of discretion. *Kaywal, Inc. v. Avangrid Renewables, LLC*, 2021-NMCA-037, ¶ 45, 495 P.3d 550. Although Chavez did not raise the joinder issue below, "we have held, however, that this issue may be raised for the first time on appeal." *See C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc.*, 1991-NMSC-049, ¶ 7, 112 N.M. 89, 811 P.2d 899. "When a Rule [1-019] claim is raised for the first time on appeal, the analysis differs when it is raised before judgment is entered." *Id.* ¶ 9.

**{10}**      When a joinder argument is raised below at the district court, the district court is able to view evidence regarding the missing party to determine if the party is indispensable. But that "is not our role on appeal, and we do not have the appropriate tools at our disposal to determine the factual predicate of a party's indispensability." *Id.* ¶ 10. In some circumstances, "where no judgment has yet been entered and an appellant raises the non[]joinder of a party for the first time on interlocutory appeal," this Court has declined to consider the argument. *Kaywal, Inc.*, 2021-NMCA-037, ¶ 47. This Court has also stated that "in some cases a remand may be in order to allow the trial court to engage in the appropriate balancing." *C.E. Alexander & Sons*, 1991-NMSC-049, ¶ 10. This case does not require either of these resolutions however, because Chavez is unable to establish that her ability to protect her interest is impaired.

**{11}**      Rule 1-019(A)(2)(a) requires that a party shall be joined if the party claims an interest in the subject matter and the party's absence may "as a practical matter impair or impede his ability to protect that interest." As discussed above, the district court found that Chavez could protect her interest by filing a separate quiet title action, Chavez does not challenge this on appeal, and the Montoya Sisters' summary judgment motion does not prevent Chavez from doing so.

**{12}**      Rule 1-019(A)(2)(b) requires that a party shall be joined in the action if the party's claim "leaves[s] any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of his claimed interest." Although Chavez asserts the other parties would be subject to substantial risk in her absence, she gives no explanation as to why this would be the case. *See Elane Photography*, *LLC v. Willcock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)). Our review shows Chavez's request in her motion to intervene exposes the parties to the same risk as the Montoya Sisters' motion for summary judgment. Whether Chavez establishes an interest through intestate succession or contested quitclaim deed from Jill Montoya Marlow, it would

have the same effect as what is occurring in the case—attempting to establish interests in the Andrea Tract based upon the lineage of Andrea Montoya. As such, the record does not support that Chavez's absence subjects the parties to a substantial risk of inconsistent obligations.

**{13}** We conclude that Chavez's ability to protect her interest in the property is not impaired, and her absence does not subject the other parties to substantial risk of inconsistent obligations. Therefore, we hold that Chavez is not a necessary and indispensable party to the litigation.

**CONCLUSION**

**{14}** For the foregoing reasons, we affirm.

**{15}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**